MARY FRANZ, Respondent, *v.* FRIEDA NIGRI, Appellant.

First Department, April 10, 1931.

*Milton R. Weston* of counsel [*S. Leighton Frooks* with him on the brief; *Frooks & Frooks*, attorneys], for the appellant.

*Benjamin P. De Witt* [*Sidney Pepper* with him on the brief], for the respondent.

SHERMAN, J. The complaint has survived an attack for insufficiency. Annexed to and made part of it is the record of prior proceedings, from which is gleaned the history of the litigation between the parties.

Plaintiff, Mrs. Franz, was the defendant in an action brought by Frieda Nigri, as plaintiff, to recover $3,375 damages for breach of a covenant against incumbrances contained in the deed of premises conveyed by Mrs. Franz to Mrs. Nigri, a tenement house violation having been found existing against the property. The answer in that action contained a counterclaim asserted by Mrs. Franz against Joseph and Katherina Schallhart, who were alleged to have been the vendors from whom Mrs. Franz had purchased the property and received a deed, containing the same covenant, because the tenement house violation mentioned in the complaint was at that time of record against the premises.

Mrs. Franz, the defendant in that action, claimed that her answer had been served upon Mr. and Mrs. Schallhart and that they had been properly brought into the action as additional defendants against whom a judgment might be rendered in her favor, in the event that the plaintiff, Mrs. Nigri, should prevail. No appearance or pleading had been interposed by Mr. and Mrs. Schallhart, though the alleged service upon them took place on April 30, 1925. Therefore, they had been in default for a long time when the action came on for trial in December, 1927. Mrs. Nigri and Mrs. Franz were represented by counsel at the trial, and after the jury had been impanelled, a stipulation was spread upon the record to the effect that if the plaintiff, Mrs. Nigri, recovered a judgment against the defendant, Mrs. Franz, and Mrs. Franz recovered a judgment against the two Schallharts, the added defendants, then if Mrs. Franz assigned to plaintiff her judgment against the added defendants, plaintiff would there-

upon satisfy her judgment against Mrs. Franz, provided that the amount thereof be equal to the sum recovered by the plaintiff against Mrs. Franz. In other words, Mrs. Nigri was to accept the judgment against Mr. and Mrs. Schallhart in place of the judgment against Mrs. Franz, and Mrs. Franz would in this way escape all liability.

It will be remembered that Mr. and Mrs. Schallhart were not represented at this trial. From the record it appears that there was no real cross-examination of any of plaintiff's witnesses. Defendant (Mrs. Franz) did nothing more than prove the contract with Mr. and Mrs. Schallhart, and by adopting plaintiff's evidence, made out a case against them. Both parties had apparently united to secure the largest possible judgment against the absent Schallharts. The court thereupon directed a verdict in favor of Mrs. Nigri against Mrs. Franz and in favor of Mrs. Franz against Mr. and Mrs. Schallhart for $4,185, being the amount sued for, with interest.

Execution was issued upon the judgment against the Schallharts in January, 1928, which elicited from them a motion to vacate the judgment on the ground that they had never been served with any process. Their affidavits indicated that at the time of the alleged service of the answer upon them they were at Mount Clemens, Mich. This motion having been adjourned, the defendant, Mrs. Franz, moved for an order that in the event that the judgment obtained by her against the Schallharts be vacated, plaintiff's judgment against her meet a like fate, or, in the alternative, that Mrs. Nigri be compelled to satisfy of record her judgment against Mrs. Franz upon receiving from Mrs. Franz the assignment of the judgment which she had secured against the Schallharts. In this way she sought to compel Mrs. Nigri to perform the stipulation if the judgment were upheld against the Schallharts, and if not, to be relieved from the stipulation, so that there might be a retrial of the issue as between them.

The Special Term entered an order on March 7, 1928, upon that motion, denying the application and ordering Mrs. Franz to deposit within two days the small sum which measured the difference in amount between the two judgments and further directing that Mrs. Nigri accept the judgment against the Schallharts in case it was finally adjudged to be valid. No appeal was taken from this order. One month later the motion made by the Schallharts to vacate the judgment against them was granted by order entered on April 9, 1928. Mrs. Franz had not deposited the amount required by the order of March 7, 1928. Indeed nothing further was done by her to be relieved from the judgment. Later Mrs.

Nigri issued execution upon the judgment against Mrs. Franz which was returned unsatisfied. Examinations in supplementary proceedings followed in the course of which it was discovered in January, 1929, that Mrs. Franz had conveyed property to a dummy in order to prevent the collection of the judgment. A receiver was appointed in supplementary proceedings to take possession or sue for such property.

Having thus been defeated in her effort to circumvent realization upon the judgment against her, Mrs. Franz then made a motion for a new trial of the issue between Mrs. Nigri and herself upon so-called " newly-discovered " evidence. She averred that Mrs. Nigri had not really sustained damage beyond $375, which was the cost of making the repairs which, when made, removed the tenement house violation, and that the testimony as to a further loss upon resale by reason of the existence of the violation was false because the sale had been made to one Miressi, who had not agreed to pay any such sum as would reflect that loss. Mrs. Nigri opposed this motion and among other things produced affidavits showing without dispute that Miressi had been present in court at the trial and could then have been called. The motion for a new trial was promptly denied by order entered on March 1, 1929. Upon an application for reargument of that motion, Mrs. Franz produced affidavits tending to show that Miressi had not been in court during the trial. This application was likewise denied. Upon appeal to this court, the order denying the application for a new trial on the ground of newly-discovered evidence was affirmed ( *Nigri* v. *Franz*, 227 App. Div. 765).

Mrs. Nigri now has a valid judgment against Mrs. Franz which has survived these attacks, and she has not been required to accept the invalid judgment against the Schallharts in its place.

That the plaintiff therein, Mrs. Nigri, was entitled to recover a judgment in some amount from Mrs. Franz is not disputed, but it is claimed that the judgment is far larger than it should have been. This result was reached, so it is said, because Mrs. Franz, expecting to recover against the Schallharts and be relieved from liability, had not contested the amount of the recovery. From the record it appears that both Mrs. Nigri and Mrs. Franz entered into an agreement whereby a judgment was to be obtained which (if we are to accept the contention of Mrs. Franz) was far beyond the amount that should have been recovered, and there was to be visited upon the absentee Schallharts the necessity of paying this increased and unfair amount. The lure to Mrs. Nigri was the probability of recovering damages in a greater amount than she was entitled to, and the advantage to Mrs. Franz that she was to

be relieved from all liability. Such a stipulation was vicious in purpose and one who entered into it may not expect to receive any affirmative favor from the court in this belated effort to be relieved from the consequences which followed.

The present action is in equity and is based upon the claim that the stipulation referred to was entered into under a mistake of fact, to wit, that the Schallharts had been served and were in default (whereas in fact they had not been served), and that a judgment was allowed to be entered, upon the determination of the issue between Mrs. Nigri and Mrs. Franz upon the trial, in an amount larger than would have obtained had Mrs. Franz defended the action as strenuously as she would have done if this stipulation had not been made. The prayer for relief demands that Mrs. Nigri be restrained from enforcing her judgment against Mrs. Franz, " upon such terms and conditions with respect to a new trial in the said action and otherwise [ *Nigri* v. *Franz*] as to the Court may seem just and proper." In other words, plaintiff now asks a court of equity to set aside the judgment thus obtained in order that there may be a new trial at which Mrs. Nigri may recover a smaller judgment which shall then be substituted for the judgment obtained in December, 1927.

No authority has been brought to our attention which would justify this procedure even if the plaintiff had come into court with clean hands and shown herself entitled to the favor of a court of equity. The proper method of attack upon the judgment was by motion in the action or by appeal from the judgment. The present suit to set aside the judgment is not maintainable. (*Jacobs* v. *Morange*, 47 N. Y. 57, 60.) A judgment entered upon a verdict of a jury imports verity and may not be lightly treated and set aside. Nor will equity come to the aid of a party who, pursuant to an irregular arrangement, participated in procuring the judgment from which she now seeks to be relieved. " It has ever been a salutary principle of courts of equity that suitors must come therein with clean hands." (*Farrow* v. *Holland Trust Co.*, 74 Hun, 585, 600.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.