■ NATHAN APPEL, Respondent, v FORD MOTOR COMPANY et al., Appellants. — In an action, *inter alia,* to recover damages for fraud, conspiracy and restraint of trade, defendants appeal from an order of the Supreme Court, Nassau County (Meade, J.),

dated December 21, 1983, which denied their motion for summary judgment on the first, third, fourth, sixth, seventh and eighth causes of action of the complaint.

Order modified, on the law, by granting defendants' motion for summary judgment to the extent of dismissing the first, third, fourth and eighth causes of action, and the general release referred to in the fourth cause of action is declared valid. As so modified, order affirmed, without costs or disbursements.

This case involves the demise of defendant Empire Ford Sales, Inc., a car dealership of which defendant Ford Motor Company was the majority shareholder and in which plaintiff Appel and a business associate had invested. In 1974, after losing their equity as a result of extensive dealership losses, plaintiff and his associate reinvested, along with Ford, in the Empire dealership. Prior to this reinvestment, however, at Ford's request, plaintiff signed both a general release, relieving Ford of any liability for its conduct to date, and a covenant not to sue for any future loss of his reinvestment contribution. Subsequently, Ford conducted an audit of the Empire dealership, made "chargebacks" against it, and later terminated the Empire dealership owing to continued losses. After plaintiff commenced the instant action for losses arising from the termination, defendants moved for summary judgment on the first, third, fourth, sixth, seventh and eighth causes of action of the complaint. Special Term denied the relief, and this appeal followed.

The first cause of action, asserted against Ford only, and the third cause of action, brought against both defendants, allege various fraudulent and improper acts by Ford which caused injury to plaintiff. Although all the allegations comprising these claims involved facts and events which occurred prior to the execution of the release, Special Term declined to dismiss either cause of action (or the fourth cause of action seeking a declaration that the release was unenforceable), apparently finding that triable issues of fact were raised by plaintiff's contention that the release was obtained through coercion and duress. It is firmly established that a valid release which is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced as a private agreement between parties (*see, Fleming v Ponziani*, 24 NY2d 105; *Matter of Schaefer*, 18 NY2d 314; *Corvino v CBS, Inc.*, 92 AD2d 536). The "coercion" herein alleged by plaintiff consists of Ford's refusal to allow him to reinvest in Empire unless he executed the subject release. However, the parties agree that Ford had a right to prohibit such reinvestment. Thus, while the general release may have been the result of hard bargaining, the mere fact that

Ford threatened to exercise its right in order to obtain the release cannot be deemed coercion (*see, Muller Constr. Co. v New York Tel. Co.,* 40 NY2d 955; *Gerstein v 532 Broad Hollow Rd. Co.,* 75 AD2d 292). Accordingly, Special Term should have declared the general release valid, dismissed the first and fourth causes of action in their entirety and the third cause of action as to defendant Ford, a signatory to the release. Moreover, the third cause of action against defendant Empire should likewise have been dismissed since plaintiff failed therein to allege specific facts constituting any fraud on Empire's part and his bare allegations are insufficient to satisfy even the minimal pleading requirements of CPLR 3016 (b) (*see, Gorman v Gorman,* 88 AD2d 677; *Ragto, Inc. v Schneiderman,* 69 AD2d 815, *affd* 49 NY2d 975).

On the other hand, Special Term correctly declined to dismiss the sixth and seventh causes of action, which alleged that both defendants permitted Ford to make improper "chargebacks" against Empire and to demand further capitalization from plaintiff to meet these charges. While there is no evidence of impropriety regarding the purported recapitalization agreement between the parties, triable issues of fact do exist as to how Ford calculated these "chargebacks" and whether it improperly withheld credit for auto parts obtained from other dealers. We note, however, that by virtue of the covenant not to sue dated April 17, 1974, wherein plaintiff agreed not to seek recourse against Ford for loss of his initial reinvestment in Empire, plaintiff's recovery against Ford on these two causes of action is necessarily limited to the amount he invested over and above his share of the initial reinvestment.

Finally, the eighth cause of action to recover counsel fees should be dismissed as totally groundless (*see, City of Buffalo v Clement Co.,* 28 NY2d 241.) We have examined defendants' remaining contentions and find them to be without merit. Lazer, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.