■ FRANKLIN NURSING HOME et al., Appellants, v LOCAL 144 HOTEL, HOSPITAL, NURSING HOME AND ALLIED SERVICES UNION, SEIU, AFL-CIO, et al., Respondents.—In an action, *inter alia,* to declare a judgment by confession invalid and void, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leviss, J.), dated April 5, 1984, which, *inter alia,* granted the motion of the defendants Peter Ottley, John Kelley, Austin Cedeno, Frank McKinney, Bartholomew J. Lawson, Nancy Lawson, Fred Wilkens and Lawrence Sterler, the trustees of various trust funds of Local 144 (hereinafter the fund trustees), for summary judgment dismissing the complaint as to them, and denied the plaintiffs' cross motion for accelerated discovery.

Order affirmed, with costs to the individual respondents.

The plaintiff Jack Friedman is the owner-operator of the plaintiffs Franklin Nursing Home, Fort Tryon Nursing Home, and Friedwald House Health Related Facility, and a former partner in a partnership which owned and operated Maple Leaf Nursing Home (hereinafter Maple Leaf). Between October 15, 1976, and March 31, 1978, the defendant Local 144 Hotel, Hospital, Nursing Home and Allied Services Union, entered four judgments in the Supreme Court, New York County, on arbitration awards resulting from defaults by Maple Leaf and its partners on payments required pursuant to certain employment benefit plans. On December 5, 1978, Friedman signed an affidavit of confession of judgment in the amount of $257,035.29 which, according to the defendants, represented the balance due on the previous four judgments. Judgment by confession was entered upon that affidavit in the Supreme Court, Rockland County, on July 17, 1981. In November 1981 Friedman made an agreement to pay $294,204.44 to the Local 144 trust funds in 19 monthly installments commencing on April 1, 1982. The plaintiffs commenced an action to set aside the judgment by confession on June 24, 1983. The complaint alleged that Friedman had been coerced into signing the affidavit of confession of judgment, and also sought compensatory and punitive damages for the defendants' allegedly willful and malicious use of fraudulent restraining notices served on the New York State Department of Social Services in 1981 for the purpose of coercing money from the plaintiffs. Special Term, *inter alia,* granted the motion of the individual respondents for summary judgment dismissing the complaint as against them. We affirm.

The coercion alleged by the plaintiffs consisted of threatened strikes and the threatened use of restraining notices to

prevent Friedman's receipt of certain Medicaid reimbursement funds from the State of New York. The plaintiffs' affidavits lack the evidentiary detail required to defeat summary judgment since the claims of coercion are asserted in conclusory fashion *(see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965). In addition, the claim of coercion with respect to the service of restraining notices is meritless since the defendants had the right to serve these notices, and a threat to do that which one has a legal right to do cannot be deemed coercion *(see, Appel v Ford Motor Co.,* 111 AD2d 731; *Ray v Jama Prods.,* 74 AD2d 845). Regardless of the merits of the plaintiffs' claims of coercion, they have been waived by their unreasonable delay in asserting them *(see, Austin Instrument v Loral Corp.,* 29 NY2d 124; *Grubel v Union Mut. Life Ins. Co.,* 54 AD2d 686).

The plaintiffs' arguments concerning the alleged inadequacy of the affidavit of confession of judgment were properly rejected by Special Term. Any claimed deficiencies are not available to the judgment debtor *(see, Giryluk v Giryluk,* 30 AD2d 22, *affd* 23 NY2d 894; *Magalhaes v Magalhaes,* 254 App Div 880). The plaintiffs' arguments concerning the amount of the judgment do not form a basis for vacatur absent some independent equitable ground for relief *(see, Crouse v McVickar,* 207 NY 213; *Franz v Nigri,* 232 App Div 150).

The plaintiffs' fourth cause of action to recover damages for willfully and maliciously issuing fraudulent restraining notices was properly dismissed since it does not state a cause of action in a recognizable form *(see, Silberstein v Presbyterian Hosp.,* 96 AD2d 1096).

We have reviewed the plaintiffs' remaining contentions and have determined that they are without merit. Weinstein, J. P., Niehoff, Lawrence and Kooper, JJ., concur.