■ In the Matter of LEON E. GARVIN, Deceased. MILDRED G. CLARKE, Appellant; EVELYN KACZOR et al., as Coexecutrices of the Estate of LEON E. GARVIN, Deceased, Respondents. [620 NYS2d 400] —In a proceeding pursuant to SCPA 711 to revoke letters testamentary, the petitioner appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Orange County (Owen, S.), dated June 4, 1993, as denied the petition.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellant personally to the respondents appearing separately and filing separate briefs.

The petitioner co-executrix commenced this proceeding to have the letters testamentary of the respondents co-executrices Evelyn Kaczor, Eleanor G. Pechmann, and Kenneth W. Garvin revoked on the ground that they fraudulently induced her to sign two agreements releasing them from their indebtedness to the estate. Specifically, the petitioner alleged that the co-executrices misrepresented that they had cancelled checks proving that they had repaid the decedent during his lifetime for loans he had made to them. The petitioner also contends that she signed the agreements under duress because Evelyn

Kaczor refused to discontinue her personal claim to $204,438.91 of estate assets unless the petitioner signed the agreements.

To establish a cause of action sounding in fraud, the petitioner must establish the following elements: (1) misrepresentation of a material fact; (2) scienter; (3) justifiable reliance; and (4) injury or damages (see, Gouldsbury v Dan's Supreme Supermarket, 154 AD2d 509, 511; Brown v Lockwood, 76 AD2d 721, 731; 24 NY Jur, Fraud and Deceit, § 14). At an examination before trial, the petitioner testified that when she signed the agreements she believed that the respondents were committing a fraud. Therefore, the petitioner cannot prove that she justifiably relied on the respondents' representations.

The petitioner's claim of duress is insufficient as a matter of law. In order to maintain a claim of duress, "the aggrieved party must demonstrate that threats of an unlawful act compelled his or her performance of an act which he or she had the legal right to abstain from performing" (Polito v Polito, 121 AD2d 614, 614-615; see also, Gerstein v Broad Hollow Rd. Co., 75 AD2d 292, 297). A threat to do that which one has the legal right to do does not constitute duress (see, Franklin Nursing Home v Local 144 Hotel Hosp. & Allied Servs. Union, 122 AD2d 22, 23; Appel v Ford Motor Co., 111 AD2d 731, 732-733). Here, Evelyn Kaczor had a legal right to assert a claim to estate funds. Thus, the petitioner cannot establish that she signed the agreements under duress. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.