■ Mary T. Godesky, Respondent, v First Unum Life Insurance Company, Appellant, et al., Defendants. [658 NYS2d 970] —In an action, *inter alia,* for a judgment declaring that the defendant First Unum Insurance Company is obligated to provide benefits to the plaintiff pursuant to three disability and business overhead expense insurance policies, the defendant First Unum Life Insurance Company appeals from so much of an order of the Supreme Court, Dutchess County (Beis-

ner, J.), entered June 12, 1996, as denied its motion for summary judgment dismissing the plaintiff's complaint insofar as asserted against it and granted the plaintiff's cross motion for summary judgment declaring that the plaintiff is entitled to receive benefits from it under the policies.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant insurance carrier First Unum Life Insurance Company (hereinafter First Unum), as the proponent of the summary judgment motion, failed to make a prima facie showing of entitlement to judgment as a matter of law *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). First Unum failed to produce any evidence, other than the conclusory assertions of its attorney, to support its contention that the plaintiff was able to perform the substantial and material duties of a nonoperative orthopedic surgeon and was therefore not entitled to benefits under the disability and business overhead insurance policies at issue. In any event, disability policies are designed to indemnify against loss of capacity to work, not against loss of income *(see, Niccoli v Monarch Life Ins. Co.,* 70 Misc 2d 147, 148).

While it is generally a question for the jury to determine whether a policyholder is totally disabled within the meaning of the policy provision *(see, McGrail v Equitable Life Assur. Socy.,* 292 NY 419, 425), in opposition to the plaintiff's cross motion for summary judgment First Unum failed to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York,* 49 NY2d 557, 562). In support of her cross motion for summary judgment, the plaintiff, through the submission of her affidavit, her deposition testimony, and her medical records, made a prima facie showing that the onset of Lyme arthritis in 1992 rendered her unable to perform the substantial and material duties of a nonoperative orthopedic surgeon. The affidavit of the attorney for First Unum which was submitted in opposition to the cross motion was without evidentiary significance *(see, Zuckerman v City of New York, supra,* at 563; *Jabs v Jabs,* 221 AD2d 704), and therefore was insufficient to defeat the plaintiff's cross motion *(see, Sloan v Village of Hempstead,* 223 AD2d 632, 633). Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.