■ John J. Dunn et al., Appellants, v Nissan Motor Co., Ltd., et al., Respondents. [692 NYS2d 149] —In an action, *inter alia,* to recover damages for intentional torts allegedly committed during the repossession of a vehicle, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Adams, J.), dated February 24, 1998, which granted the defendants' cross motion for summary judgment dismissing the complaint and denied their motion to compel disclosure as academic.

Ordered that the order is affirmed, with costs.

The Supreme Court did not err in granting the defendants' cross motion for summary judgment. The car leased by the plaintiff John J. Dunn (hereinafter Dunn) was repossessed after he failed to make various lease payments. After Dunn signed a settlement agreement and release of all claims, the defendant Nissan Motor Acceptance Corp. reinstated the lease and returned the vehicle to him. By its express, unambiguous terms, the release was of "all claims" stemming from the repossession of Dunn's car. As this Court has held, "[t]he general rule is that 'a valid release which is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced as a private agreement between the parties'" (*Thailer v LaRocca,* 174 AD2d 731, 733, quoting *Appel v Ford Motor Co.,* 111 AD2d 731, 732). Moreover, the law is well settled that a party seeking to repudiate a contract procured by duress must act promptly lest he or she be deemed to have elected to affirm it (*see, Chalos v Chalos,* 128 AD2d 498; *see also, Beutel v Beutel,* 55 NY2d 957; *Sheindlin v Sheindlin,* 88 AD2d 930). The plaintiffs are attempting to set aside an agreement with which Dunn has completely complied. Dunn made lease payments, regained possession of the vehicle, and returned the vehicle at the conclusion of the lease all in accordance with the settlement agreement. The record supports the court's finding that the release was not the product of duress (*see, Chalos v Chalos, supra*). Therefore, the plaintiffs have not shown that they should be relieved of its preclusive effect.

The plaintiffs' remaining contentions are without merit. Friedmann, J. P., Krausman, McGinity and Feuerstein, JJ., concur.