■ SOL GUBITZ, Respondent, v SECURITY MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant. [692 NYS2d 139]

—In an action, *inter alia*, to rescind a release on the ground that it was procured by duress, the defendant appeals from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated April 20, 1998, as denied that branch of its motion which was to dismiss the plaintiff's first cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was to dismiss the first cause of action is granted, and the first cause of action is dismissed.

The plaintiff collected $2,000 a month in disability benefits from the defendant insurance company in excess of four years. On January 19, 1996, two of the defendant's agents visited the plaintiff at his home to discuss the company's suspicions that the plaintiff's claim of incapacity due to headaches was fraudulent. At about the same time, the company learned that the plaintiff was suing his former employer for withheld benefits, and had averred in that action that he had no health problems. On February 12, 1996, the plaintiff executed a release in which he waived all future claims against the defendant in exchange for $9,500 and the defendant's forbearance from suing him to recover sums already paid. On February 13, 1996, the plaintiff cashed the defendant's $9,500 check. On or about April 30, 1997, this action was commenced, alleging in the first cause of action that the release should be rescinded as being procured by duress and undue influence and that his disability benefits should be reinstated.

Under the circumstances, the plaintiff's assertion of duress cannot be maintained, *inter alia*, because the insurer's alleged threat, even as described by the plaintiff, was not illegal. By the plaintiff's own account, the defendant threatened to stop paying him benefits, and further asserted its right to sue him to recoup past moneys paid. It is well established that where the alleged menace was, as here, to stop performance under a contract or to exercise a legal right, there is no actionable duress (*see, e.g., Matter of Garvin,* 210 AD2d 332, 333; *Franklin Nursing Home v Local 144 Hotel Hosp. & Allied Servs. Union,* 122 AD2d 22, 23; *Appel v Ford Motor Co.,* 111 AD2d 731, 732-733). Moreover, financial pressures, even when coupled with inequality in bargaining position, do not, without more, constitute duress (*see, e.g., Edison Stone Corp. v 42nd St. Dev. Corp.,* 145 AD2d 249; *Matter of Bruno v City of Poughkeepsie,* 121 AD2d 629). Bracken, J. P., Thompson, Sullivan and Friedmann, JJ., concur.