■ Jonathan A. Korn, Appellant-Respondent, v First UNUM Life Insurance Company, Respondent-Appellant, and Equitable Life Assurance Society of the United States, Respondent. [717 NYS2d 892] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals (1), as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), entered September 24, 1999, as denied his cross mo-

tion for summary judgment on the complaint, and (2) from an order of the same court, entered September 24, 1999, which denied his motion to preclude the defendant First UNUM Life Insurance Company from using certain affidavits and exhibits in support of its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant First UNUM Life Insurance Company cross-appeals from so much of the order and judgment as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order and judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent Equitable Life Assurance Society of the United States is awarded one bill of costs payable by the appellant-respondent.

The Supreme Court properly denied the motion of the defendant First UNUM Life Insurance Company for summary judgment dismissing the complaint insofar as asserted against it and the plaintiff's cross motion for summary judgment on the complaint. There are issues of fact as to whether the plaintiff's occupation was that of an orthopedic surgeon and whether he was "totally disabled" within the meaning of the disability income insurance policies (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562; *McGrail v Equitable Life Assur. Socy.,* 292 NY 419, 425; *Godesky v First Unum Life Ins. Co.,* 239 AD2d 547).

The parties' remaining contentions are without merit. Santucci, J. P., Sullivan, Friedmann and Krausman, JJ., concur.