■ RICHARD BLUM, Appellant, v GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Respondent. [725 NYS2d 217] —In an action to recover proceeds under four disability insurance policies, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated December 21, 1999, which granted the defendant's motion for summary judgment dismissing the complaint and for leave to amend the ad damnum clauses of its counterclaims.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were for summary judgment dismissing the fifth, sixth, seventh, eighth, tenth, eleventh, and twelfth causes of action and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action relating to disability insurance policies G-317650 and G-426015. However, issues of fact remain as to whether, pursuant to disability insurance policies G-185963 and G-18964, the plaintiff was unable "to engage in any reasonably gainful occupation for which he shall be fitted by education, training, or experience, having due regard for the nature of his occupation at the time disability shall have begun and for his prior average earnings." Accordingly, the defendant is not entitled to summary judgment dismissing the causes of action relating to policies G-185963 and G-18964 (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562; *McGrail v Equitable Life Assur. Socy.,* 292 NY 419, 425; *Godesky v First Unum Life Ins. Co.,* 239 AD2d 547). Moreover, the defendant failed to establish that it is entitled to judgment as a matter of law on the plaintiff's unjust enrichment cause of action (*see, Bugarsky v Marcantonio,* 254 AD2d 384; *see also, Rule v Brine, Inc.,* 85 F3d 1002).

The court properly permitted the defendant to amend its counterclaims (*see,* CPLR 3025 [b]; *see also, Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959; *Nassau County v*

*Incorporated Vil. of Roslyn,* 182 AD2d 678, 679). Santucci, J. P., Florio, Schmidt and Adams, JJ., concur.