■ Joel Paull, M.D., et al., Respondents, v First UNUM Life Insurance Company et al., Appellants, et al., Defendants. [744 NYS2d 95] —Appeal from an order and judgment (one document) of Supreme Court, Erie County (Glownia, J.), entered July 23, 2001, which, inter alia, denied the motion of defendants First UNUM Life Insurance Company, Charles Sellers & Company, Inc., Charles J. Sellers, III, individually, and Thomas G. Sellers, individually, for summary judgment.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the third ordering paragraph, thus reinstating the answer of defendant First UNUM Life Insurance Co., granting in part the motion of defendants First UNUM Life Insurance Co., Charles J. Sellers & Company, Inc., Charles J. Sellers, III, individually, and Thomas G. Sellers, individually, and dismissing the first, second, sixth, eighth, ninth, and 10th causes of action and the claims for punitive damages against them and dismissing the third, fourth, fifth, and seventh causes of action against defendants Charles J. Sellers & Company, Inc., Charles J. Sellers, III, individually, and Thomas G. Sellers, individually, and as modified the order and judgment is affirmed without costs.

Memorandum: By order entered August 5, 1998, Supreme Court directed defendant First UNUM Life Insurance Company (UNUM) to produce "litigation files" for a list of lawsuits in UNUM's supplemental interrogatory responses dated April 29, 1998. UNUM requested a conference with the court to clarify which documents it was required to produce based on the meaning of the term "litigation files," but the record does not disclose whether such a conference was held. On May 12, 2000, plaintiffs moved for sanctions for failure to turn over the "litigation files." The court referred the matter to a Referee, who determined that UNUM had not complied with the court's order and that such noncompliance was willful. UNUM moved to reject the Referee's report on the ground that the term "litigation files" had never been defined, and thus the Referee had no standard by which to determine whether UNUM had complied with the court's order. The court adopted and confirmed the Referee's report and granted plaintiffs' motion for sanctions by striking UNUM's answer, thereby rendering moot that part of the pending motion of UNUM and defendants Charles J. Sellers & Company, Inc., Charles J. Sellers, III, individually, and Thomas G. Sellers, individually (collectively, Sellers) seeking summary judgment dismissing the amended complaint against UNUM (*see Hudson View II Assoc. v Miller*, 282 AD2d 345,

346, *lv dismissed* 96 NY2d 937). Nevertheless, the court denied the motion seeking summary judgment dismissing the amended complaint against UNUM and the Sellers on the merits. Because the record does not establish that the court ever defined the term "litigation files," we modify the order and judgment by vacating the third ordering paragraph (*see Rankin v Miller*, 252 AD2d 863, 865), thus reinstating UNUM's answer.

Although the court previously denied the cross motion of UNUM and the Sellers to dismiss the first and second causes of action and the claims for punitive damages against them and that order was never appealed, we are not bound by the doctrine of law of the case in reaching the merits of the motion of UNUM and the Sellers seeking summary judgment dismissing the amended complaint against them (*see Matter of Atlantic Mut. Ins. Co. v Lauria*, 291 AD2d 492, 492-493; *Lipsztein v Donovan*, 289 AD2d 51, 52). We thus address the appeal of those defendants from that part of the order and judgment denying their motion for summary judgment.

The first cause of action alleges economic coercion to compel Joel Paull, M.D. (plaintiff) to submit to a functional evaluation test to evaluate his claim. The disability income policy at issue, however, provides that UNUM has "the right to physically examine [plaintiff] as often as reasonably needed while a claim is pending." The enforcement by UNUM of its contractual rights does not constitute economic duress (*see Gubitz v Security Mut. Life Ins. Co. of N.Y.*, 262 AD2d 451, 452; *see also C. & H. Engrs. v Klargester, Inc.*, 262 AD2d 984, 984-985; *see generally 805 Third Ave. Co. v M.W. Realty Assoc.*, 58 NY2d 447, 451). Therefore, we grant that part of the motion of UNUM and the Sellers seeking summary judgment dismissing the first cause of action against them. We also grant that part of the motion of UNUM and the Sellers with respect to the second and ninth causes of action. The second cause of action is merely derivative of the first cause of action (*see Kjar v Jordan*, 217 AD2d 981, 982) and, with respect to the ninth cause of action, UNUM and the Sellers cannot be held "responsible for torts committed by a nonservant agent" (*Halpin v Prudential Ins. Co. of Am.*, 48 NY2d 906, 908, *rearg denied* 49 NY2d 801).

We further grant that part of the motion seeking summary judgment dismissing the third, fourth, fifth, and seventh causes of action against the Sellers. Those causes of action sound in contract and do not allege that the Sellers had a contractual relationship with plaintiffs or were in privity with them (*see LaBarte v Seneca Resources Corp.*, 285 AD2d 974, 975; *Paladino, Inc. v Lucchese & Son Contr. Corp.*, 247 AD2d 515, 515).

The court properly denied that part of the motion seeking summary judgment dismissing those causes of action against UNUM. There are issues of fact whether plaintiff is disabled, and if so, to what degree (*see Korn v First UNUM Life Ins. Co.*, 277 AD2d 356, 357; *cf. Godesky v First Unum Life Ins. Co.*, 239 AD2d 547, 548; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562), and there are issues of fact whether UNUM's decision to cease paying on the insurance policies constituted a breach of contract (*see generally Zuckerman*, 49 NY2d at 562; *Gedan v Home Ins. Co.*, 176 AD2d 914, 916).

In addition, we grant that part of the motion seeking summary judgment dismissing the sixth cause of action against UNUM and the Sellers. That cause of action alleges breach of the duty of good faith and fair dealing and is duplicative of the breach of contract causes of action (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 319-320). The tortious breach of duty upon which plaintiffs rely is the alleged coercion of UNUM and the Sellers with regard to the functional evaluation test. As we have previously determined herein, however, the enforcement by UNUM of its contractual rights does not constitute economic duress (*see Gubitz*, 262 AD2d at 452; *C. & H. Engrs.*, 262 AD2d at 984-985). We also grant that part of the motion seeking summary judgment dismissing the eighth cause of action, for breach of fiduciary duty, against the Sellers. That cause of action merely alleges the purchase of an insurance contract from an insurance agent, which does not in itself give rise to a fiduciary relationship (*see Goshen v Mut. Life Ins. Co. of N.Y.*, 1997 WL 710669, *9, 1997 NY Misc LEXIS 486, *26-30 [Sup Ct, Oct. 21, 1997], *affd* 259 AD2d 360, *mod on other grounds* 94 NY2d 330). In any event, plaintiffs allege that the Sellers breached their fiduciary duty by encouraging and persuading plaintiff to undergo a functional evaluation test, and UNUM was entitled to request that test under the terms of the disability policy (*see Gubitz*, 262 AD2d at 452; *C. & H. Engrs.*, 262 AD2d at 984-985). We also grant that part of the motion seeking summary judgment dismissing the eighth cause of action against UNUM on the ground that it contains no allegations against UNUM. In addition, we grant that part of the motion seeking summary judgment dismissing the 10th cause of action, for fraud, against UNUM and the Sellers. "It is well established that a separate cause of action for fraud is not stated where, as here, the alleged fraud relates to the breach of contract" (*LaBarte*, 285 AD2d at 976).

We further grant that part of the motion seeking summary judgment dismissing the claims for punitive damages against

UNUM and the Sellers. As we have determined herein, plaintiffs' allegation of economic coercion is not an actionable independent tort, and the aggravated injury allegedly sustained by plaintiff during the functional evaluation test is not part of a pattern of egregious tortious conduct directed at the public generally (*see New York Univ.*, 87 NY2d at 315-316; *Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613). Moreover, the record discloses "a serious triable issue [of fact] interposed in good faith by [UNUM]," and thus punitive damages are not recoverable as a matter of law (*Botway v American Intl. Assur. Co. of N.Y.*, 151 AD2d 288, 290; *see Bennion v Allstate Ins. Co.*, 284 AD2d 924, 926).

Finally, we conclude that the court did not abuse its discretion in allocating the Referee's fees against UNUM (*see* CPLR 4321 [1]; *see also Matter of People v Introductions, Inc.*, 252 AD2d 631, 632; *Kolomick v Kolomick*, 133 AD2d 69, 70).

We therefore modify the order accordingly. Present—Pigott, Jr., P.J., Pine, Hayes, Wisner and Hurlbutt, JJ.