HELEN KLEIN, Appellant, v HOVANNÈS J. BOYADJIAN, Respondent. [896 NYS2d 460]—

In an action to set aside a deed, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Schulman, J.), entered September 25, 2008, which, after a nonjury trial, (Leviss, J.H.O.), is in favor of the defendant and against the plaintiff dismissing the complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff and defendant have known each other since 1983. In 1994 the plaintiff and the defendant took joint title to a property located in Queens. In 1996 the plaintiff executed an agreement whereby she agreed to deed her half of the property to the defendant by April 30, 1997, in return for his "care and shelter" of the plaintiff's disabled sister. In May 1997 the plaintiff duly executed a deed which transferred her half of the property to the defendant. In 2004 the plaintiff commenced this action alleging, inter alia, that the 1997 transfer was a result of duress and coercion by the defendant. After a trial before a judicial hearing officer, a judgment was entered dismissing the complaint. We affirm.

At the trial, the plaintiff testified that the defendant was physically and verbally abusive to her for many years, and that he threatened to beat her if she did not transfer her half of the

property to him. However, she also testified that she never reported these alleged incidents to the police. The plaintiff did not commence this action until 2004, almost seven years after executing the deed. The defendant testified, inter alia, that the plaintiff wanted him to have her half interest in the house, and that he did perform services on behalf of the plaintiff's disabled sister.

Resolution of issues of credibility is "primarily [a] question[ ] to be determined by the trier of fact, who saw and heard the witnesses, and, necessarily, is in a superior position to judge veracity than an appellate court, which reviews merely the printed record" (*Matter of Murdock v Murdock*, 183 AD2d 769, 769-70 [1992]; *see Kincade v Kincade*, 178 AD2d 510 [1991]). Here, the trial court did not credit the plaintiff's testimony, and that determination is supported by the record. Additionally, as noted by the trial court, the plaintiff's claim of coercion is undercut not only by the documentary evidence, but also by the language in the complaint, which indicated that it was the plaintiff's intent to transfer the property to the defendant, notwithstanding that it also alleged that the transfer was not to be "for good." Accordingly, the determination in favor of the defendant was warranted by the facts (*see Matter of Garvin*, 210 AD2d 332 [1994]).

The plaintiff's remaining contentions, that she is entitled to a constructive trust over the property and/or a new trial, are without merit. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.