In a probate proceeding in which Betty Kheng Ngoh Phillips *940 petitioned pursuant to SCPA 1809 to determine the validity of claims against the estate of Cheng Ching Wang, the petitioner appeals, as limited by her brief, from so much of a decree and order (one paper) of the Surrogate’s Court, Westchester County (Scarpino, Jr., S.), dated May 2, 2012, as, upon a decision of the same court dated April 17, 2012, granted that branch of the motion of Kenneth Wang, Vera Wang Becker, and Oded Aboodi, the executors of the decedent’s estate, which was for summary judgment dismissing that branch of the petition which was to determine the validity of the first claim, and dismissed that branch of the petition.
Ordered that the decree and order is affirmed insofar as appealed from, with costs.
The decedent died testate on September 14, 2006. The petitioner, a resident of Singapore, filed claims against the estate, alleging that she and the decedent had been in a domestic partnership for more than 30 years. In her first claim, which is at issue on this appeal, the petitioner alleged breach of an express oral agreement whereby the decedent agreed to establish a fund to provide her with $10 million prior to his death and $150,000 annually for her life, in exchange for her homemaking and full time support during his extended stays in Asia. The executors of the decedent’s estate (hereinafter the executors) rejected the petitioner’s claims. The petitioner then commenced this proceeding pursuant to SCPA 1809 to determine the validity of her claims.
The executors moved for summary judgment dismissing the petition, relying in part upon a July 15, 2004, letter signed by the petitioner in which she agreed to “waive any claim of any kind or nature against [the decedent], [his] family or [his] estate.” The Surrogate’s Court granted that branch of the executors’ motion which was for summary judgment dismissing that branch of the petition which was to determine the validity of the breach of contract claim, determining that the release was unambiguous and the petitioner failed to raise a triable issue of fact with respect to her contentions that the release was procured through duress or undue influence and was unconscionable. The petitioner appeals.
Generally, “a valid release constitutes a complete bar to an action on a claim which is the subject of the release” (Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 98 [2006]; see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]). A release of all claims is valid notwithstanding a lack of consideration (see General Obligations Law §§ 15-303, 5-1103; WDF, Inc. v City of New York, 104 *941 AD3d 557 [2013]). It may, however, be invalidated for the traditional bases for setting aside written agreements such as duress, fraud, or mutual mistake, with the burden on the party seeking to invalidate the release (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276).
Here, the executors established their prima facie entitlement to judgment as a matter of law by demonstrating that the petitioner fairly, knowingly, and voluntarily released any claims against the estate. The petitioner’s own deposition testimony established that there were no threats made to compel her to sign the release (see Matter of Garvin, 210 AD2d 332 [1994]; cf. Call v Ellenville Natl. Bank, 5 AD3d 521 [2004]). The fact that the petitioner did not consult with an attorney before signing the release does not preclude enforcement of the release (see Skluth v United Merchants & Mfrs., 163 AD2d 104, 107 [1990]). Moreover, the petitioner wrote letters to the decedent over the following year referencing the release without disputing its validity, thus ratifying it (see Dunn v Nissan Motor Co., 262 AD2d 444 [1999]). In opposition, the petitioner failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). Accordingly, the Surrogate’s Court properly granted that branch of the executors’ motion which was for summary judgment dismissing that branch of the petition which was to determine the validity of the breach of contract claim.
In light of our determination, we need not reach the parties’ remaining contentions. Skelos, J.E, Balkin, Leventhal and Sgroi, JJ., concur.