■ VALERIE A. NEUNER et al., Respondents, v NEWBURGH CITY SCHOOL DISTRICT, Appellant. — In an action for the refund of taxes paid in excess of the constitutional taxation limitation, defendant appeals from an order of the Supreme Court, Orange County (Ingrassia, J.), entered January 20, 1982, which granted plaintiffs' motion for summary judgment. Order reversed, on the law, without costs or disbursements, plaintiffs' motion for summary judgment denied and summary judgment granted to defendant dismissing the complaint. Special Term's reliance on *People ex rel. Wessel, Nickel & Gross v Craig* (236 NY 100) for the proposition that any payment of a tax after it becomes a lien is a payment made under duress is misplaced. That case was decided before the effective date of section 1312 of the Real Property Tax Law, which provides that school taxes become liens immediately upon the final adoption of the school tax roll by the school authorities. There is no indication that *People ex rel. Wessel, Nickel & Gross v Craig (supra)* was meant to apply to the situation where a lien arises as soon as a tax becomes due. In *City of Rochester v Chiarella* (86 AD2d 110, app dsmd 56 NY2d 923) the Fourth Department held that when a lien arises as soon as a tax becomes due, payment of a tax after it has become a lien does not amount to a payment made under duress. It is considered to be a voluntary payment and an appropriate protest is necessary, if the taxpayer is to recover the taxes paid. We agree. In order for a protest to be characterized as appropriate, it must be in writing (*City of Rochester v Chiarella, supra*) and must have been made at the time of payment (*Riverdale Country School v City of New York,* 11 NY2d 741). Since at the time of the collection of the taxes in the instant case, the plaintiffs concededly did not make a written protest, they cannot be said to have made an appropriate protest. Therefore, Special Term erred in granting plaintiffs' motion for summary judgment. Instead, summary judgment should be granted to defendant (CPLR 3212, subd [b]). Mollen, P. J., Damiani, Thompson and Gulotta, JJ., concur.