EARL H. DION, JR. vs. SILVER CITY DODGE, INC.

Bristol.   May 5, 1986. — July 15, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Bona Fide Purchaser. Motor Vehicle,* Certificate of origin, Certificate of
title. *Uniform Commercial Code,* Good faith, Sale of goods, Security
interest. *Words,* "Good faith."

In the circumstances, an individual who purchased an automobile from
another individual without knowledge of a lienholder's security interest,
and with a reasonable and honest conviction that he was purchasing the
vehicle in a legitimate transaction free of all liens, acquired good title
to the vehicle as a good faith purchaser for value under G. L. c. 106,
§ 9-307, even though he had failed to obtain a certificate of title in
compliance with G. L. c. 90D, § 15. [60-62]

CIVIL ACTION commenced in the Superior Court Department
on December 7, 1984.

The case was heard by *William H. Carey,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Stephen Duggan* for the defendant.

*Daniel M. Rich* for the plaintiff.

LYNCH, J. This case raises the question whether a buyer
can acquire good title to an automobile as a good faith purchaser
for value under G. L. c. 106, § 9-307 (1984 ed.), see *National
Shawmut Bank* v. *Vera,* 352 Mass. 11, 16 (1967), where he
failed to obtain a certificate of title in compliance with G. L.
c. 90D (1984 ed.). The case was tried before a Superior Court
judge sitting without a jury, who ruled that the plaintiff had
acquired title to the automobile in question even though he
had not obtained a certificate of title, see G. L. c. 90D, § 15
(1984 ed.). The defendant appealed and we took the case on
our own motion. There was no error.

The parties stipulated to many of the relevant facts, and the judge made additional findings of fact, all of which we summarize below. In January of 1984, Barry M. Galloway purchased a motor vehicle from the defendant, Silver City Dodge, Inc. Shortly after the sale, Galloway's deposit checks were dishonored but the defendant did not attempt to repossess. At the time of sale, Silver City prepared an application for a new title for Galloway. Shawmut Bank of Bristol County was named on the application as lienholder. Silver City delivered the application for a certificate of title and a new vehicle certificate of origin to Galloway. In early May of 1984, Galloway sold the vehicle to the plaintiff, Earl H. Dion, Jr., for $10,500. The plaintiff had learned that the vehicle was available for purchase as a result of an advertisement in a newspaper. A few weeks before the purchase the plaintiff had been told by an automobile dealer that a certificate of origin on a relatively new vehicle was the equivalent of a certificate of title. When Galloway sold the vehicle, he told the plaintiff that he had purchased it for cash, owned it free and clear, delivered its certificate of origin, and explained that there was no certificate of title because the vehicle had not been registered. He explained that the certificate of origin was the same as a certificate of title for a new vehicle that had never been registered. After much dissembling on the part of Galloway, the plaintiff learned that he was unable to obtain a certificate of title and, at the instructions of the police, returned the vehicle to Silver City and commenced this action. There was no evidence that Shawmut Bank, the lienholder, or Silver City had perfected a security interest in the vehicle or had filed a financing statement.

The judge ruled that G. L. c. 106, § 9-307 (2) (1984 ed.) governs this action and that, since the purchase involved consumer goods which were acquired in good faith without prior knowledge of the defendant's security interest, the plaintiff prevails.[1] We agree.

---

[1] General Laws c. 106, § 9-307 (2) (1984 ed.), provides: "In the case of consumer goods, a buyer takes free of a security interest even though

The defendant argues that the plaintiff could not be found to be a good faith purchaser because he did not receive a certificate of title, and that he had knowledge of sufficient facts to, at least, place on him a duty of further inquiry. The defendant's arguments based upon the concept of good faith do nothing to advance its cause. " 'Good faith' . . . is defined in G. L. c. 106, § 1-201 (19) [1984 ed.], as 'honesty in fact in the conduct or transaction concerned.' . . . Nothing in the definition suggests that, in addition to being honest, the holder must exercise due care to be [a good faith purchaser]. Where the Uniform Commerical Code has required more than 'honesty in fact' it has explicitly so stated . . . ." *Industrial Nat' l Bank* v. *Leo's Used Car Exch., Inc.*, 362 Mass. 797, 801 (1973). This subjective standard of good faith generally has been applied in analogous circumstances. See *Bowling Green, Inc.* v. *State St. Bank & Trust Co.*, 425 F.2d 81, 85 (1st Cir. 1970); *Matter of Darling's Homes, Inc.* 46 Bankr. 370, 375-376 (D. Del. 1985); *Balon* v. *Cadillac Auto. Co.*, 113 N.H. 108, 112 (1973). The judge's finding, amply supported by the evidence, that the plaintiff held an honest conviction that he was purchasing the vehicle in a legitimate transaction, disposes of the defendant's argument that the plaintiff lacked the requisite good faith.

It is clear, therefore, that the defendant stands or falls on its argument that the provisions of G. L. c. 90D, §§ 4, 6 and 15 (1984 ed.), impose additional requirements on those attempting to purchase motor vehicles. The judge correctly ruled that, in the circumstances of this case, they do not. Of the sections of c. 90D relied upon by the defendant, § 15 is most nearly on point.[2] Section 15 (*e*) does provide in pertinent part,

perfected if he buys without knowledge of the security interest, for value and for his own personal, family or household purposes unless prior to the purchase the secured party has filed financing statement covering such goods."

[2] General Laws c. 90D, § 15 (*a*) (1984 ed.), provides: "If an owner of a vehicle for which a certificate of title has been issued under this chapter transfers his interest therein, other than by the creation of a security interest, he shall, at the time of the delivery of the vehicle, execute an assignment including the actual odometer reading and warranty of title to the transferee in the space provided therefor on the certificate, or such other form as the registrar shall prescribe, and cause the certificate and assignment to be mailed or delivered to the transferee or the registrar."

that "a transfer by an owner is not effective until the provisions of this section . . . have been complied with."[3] This limitation on transfer does not apply to the transfer here, however, since G. L. c. 90D, § 15 (a), explicitly states that the section applies to a transfer by an owner .of a motor vehicle for which a certificate of title has been issued. Therefore, the facts of this case take it outside of the explicit requirements of G. L. c. 90D, § 15. The defendant relies principally on two out-of-State decisions in support of its argument that c. 90D prohibited the transfer of title in question. *Codding* v. *Jackson,* 132 Colo. 320, 327 (1955), and *Sheridan Suzuki, Inc.* v. *Caruso Auto Sales, Inc.* 110 Misc. 2d 823 (N.Y. Sup. Ct. 1981). In both of those cases, however, the statute in question explicitly provided that, in the applicable circumstances, no transfer would be effective against third parties without a certificate of title. There is no similar Massachusetts statutory requirement.

In the absence of a specific statutory mandate, we look to see if we can discern a manifestation of legislative intent that the provisions of c. 90D somehow operate to restrict the transfer of title to the plaintiff in this case. We can find none. The Legislature enacted provisions of G. L. c. 106, the Uniform Commercial Code, which is to be liberally construed, to "simplify, clarify and modernize the law governing commercial transactions." G. L. c. 106, § 1-102 (1), (2) (a) (1984 ed.). It is clear that c. 90D does not supersede or abrogate G. L. c. 106, but only adds additional requirements in certain circumstances. See *Boston* v. *Rockland Trust Co.,* 391 Mass. 48, 51 (1984); *Baystate Drywall, Inc.* v. *Chicopee Sav. Bank,* 385 Mass. 17, 21-22 (1982). The judge ruled that this transaction was governed by G. L. c. 106, § 9-307 (2).

On the basis of clear evidence and stipulations of fact, the judge found the plaintiff to be a good faith purchaser of consumer goods, without knowledge of the defendant's security interest, and with a reasonable and honest conviction that he was purchasing the vehicle in a legitimate transaction free of all liens. In such circumstances, we can find nothing to indicate that the general purposes of G. L. c. 90D were intended to supersede the specific requirements of G. L. c. 106, § 9-307 (2).

---

[3] General Laws c. 90D, § 15 (e) (1984 ed.), provides for an exception for dealers that is not relevant here. See G.L. c. 90D, § 16 (1984 ed.).

The defendant argues that to uphold the judgment in favor of the plaintiff is to render c. 90D meaningless and to encourage circumvention of the statute. Such an argument loses sight of the limited incursion upon the certificate of title requirements of c. 90D which is mandated by the compelling facts of this case. Were we to implement a rule which would impose the risk of loss in these circumstances on the party best able to protect itself, the result would be the same. The defendant did not repossess the vehicle,[4] although Galloway's checks were dishonored shortly after the sale, and the vehicle remained in his possession for almost four months before the sale to the plaintiff. Neither did the defendant at the time possession of the vehicle was given Galloway, nor Shawmut at the time the proceeds of the loan were advanced, make any attempt, as they easily could have, to ensure that Galloway had filed an application for an original certificate of title.

*Judgment affirmed.*

---

[4] The record indicates that Shawmut repossessed the vehicle on October 4, 1984, after the plaintiff had voluntarily relinquished possession of it to the defendant.