■ David Kaminsky, Appellant, v Ira Karmin, Respondent, et al., Defendants.—In an action, *inter alia,* for a judgment declaring the plaintiff to be the rightful owner of a certain motor vehicle, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (Kutner, J.), entered October 23, 1990, as, *inter alia,* denied his application for injunctive relief and granted the defendant Karmin's cross motion for summary judgment declaring Karmin to be the rightful owner of the subject vehicle and dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff purchased, in cash, a used 1987 BMW 321i convertible from Motor Trend Leasing Corporation of New York (hereinafter Motor Trend), a dealer in used and new

cars. At the time of the purchase, he received a New York State Department of Motor Vehicles Temporary Certificate of Registration, but not a Certificate of Title. However, an employee of Motor Trend told the plaintiff that it would prepare an application for a Certificate of Title and a permanent Certificate of Registration on his behalf and submit them to the Department of Motor Vehicles.

Although the plaintiff was under the impression that he had purchased the vehicle directly from Motor Trend, he subsequently learned that the vehicle had actually been "entrusted" to Motor Trend by its owner, the defendant Karmin, pursuant to a consignment agreement. The owner, however, never delivered any indicia of ownership of the vehicle to Motor Trend, such as the Certificate of Sale or the Certificate of Title, and therefore, Motor Trend never provided the same to the plaintiff.

The owner had no knowledge that Motor Trend had sold his vehicle until he received a check from Motor Trend for an amount less than the price listed in the consignment agreement, which check was subsequently rejected by the bank for lack of adequate funds. Meanwhile, Motor Trend went out of business and the plaintiff's third temporary Certificate of Registration expired. When the owner discovered the identity of the purchaser of his vehicle, he demanded that the plaintiff return the vehicle to him, and the instant action ensued.

"A bona fide purchaser for value may obtain a good title from one who has a voidable title, if he obtains such title before it is voided" *(Ross v Leuci,* 194 Misc 345, 347). Here, the defendant Karmin never delivered the Certificate of Title to Motor Trend, and therefore, the subsequent transfer of the vehicle to the plaintiff pursuant to the consignment agreement between the defendant Karmin and Motor Trend was in violation of Vehicle and Traffic Law § 2113 (a) and 15 NYCRR 78.10 (c) and 78.40 (e). Vehicle and Traffic Law § 2113 (c) states that "a transfer by an owner is not perfected so as to be valid against third parties generally until the provisions of this section * * * have been complied with". Therefore, the "voidable" title received by Motor Trend was never "perfected" as required by Vehicle and Traffic Law § 2113 (c) and could not be successfully passed to a "bona fide purchaser for value" under UCC 2-403 (2) *(Sheridan Suzuki v Caruso Auto Sales,* 110 Misc 2d 823, 824-825).

Moreover, the plaintiff did not purchase the vehicle in "good faith" (UCC 1-201 [19]). The plaintiff does not fit the definition of "a buyer in the ordinary course of business" and therefore

the defense of statutory estoppel is not available to him under UCC 2-403 (2). Specifically, the plaintiff did not act in "good faith" in purchasing the vehicle without inspecting the records of title and prior ownership to the vehicle, especially in light of the fact that the vehicle did not have dealer plates, but private ones (see, Atlas Auto Rental Corp. v Weisberg, 54 Misc 2d 168; cf., Sherman v Roger Kresge, Inc., 67 Misc 2d 178, affd 40 AD2d 766). Had the plaintiff made any investigation to determine the chain of title to the vehicle, the plaintiff would have discovered the existence of the consignment agreement between Motor Trend and the owner, which knowledge would have put the plaintiff on notice that Motor Trend was not the true owner of the vehicle at the time of the transaction and raised doubt concerning Motor Trend's authority to transfer title to the vehicle (see, Porter v Wertz, 68 AD2d 141, affd 53 NY2d 696).

Furthermore, the common-law defense of equitable estoppel has not been established. The plaintiff cannot be said to have relied on Motor Trend's apparent authority to sell the vehicle since he did not see any evidence that it actually owned the vehicle, to wit, the Certificate of Title or the consignment agreement (see, Sheridan Suzuki v Caruso Auto Sales, supra; cf., Ross v Leuci, supra, at 350).

Finally, the defendant is not precluded from asserting title to the vehicle under the theory that he expressly ratified Motor Trend's actions, as there was no showing that the defendant Karmin knew anything about the underlying transaction between Motor Trend and the plaintiff at the time he attempted to cash Motor Trend's check (see, Matter of New York State Med. Transporters Assn. v Perales, 77 NY2d 126, 131). Thompson, J. P., Bracken, Pizzuto and Santucci, JJ., concur.