■ TRUSTCO BANK NEW YORK, Appellant, v M.M.E. POWER ENTERPRISES, INC., et al., Respondents, et al., Defendants. [636 NYS2d 831] —In an action to foreclose two mortgages, the plaintiff, Trustco Bank New York, appeals from an order of the

Supreme Court, Westchester County (Lefkowitz, J.), entered August 5, 1994, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment is granted.

The defendant M.M.E. Power Enterprises, Inc., borrowed money from the plaintiff's predecessor to build a housing development in Peekskill, New York. The loans were guaranteed by several of the individual defendants (hereinafter collectively the respondents). The loans were secured by two mortgages. One of the terms of the loans, involving extensions, stated: "An extension of the Building Loan term must be requested in writing at least 30 days prior to the normal expiration date, stating reason for extension and amount of time required to complete the project. Extensions will be subject to Bank approval solely of [sic] the discretion of the Bank".

In a letter dated January 22, 1990, the respondents sought certain modifications, among which was a provision that "[t]he lending institution [would] not unreasonably withhold its approval for any extension request". The plaintiff's predecessor responded by a followup letter, accepting many of the proposed modifications, but indicating that the defendants should "delete" their extension request because "Special Condition 9 [of the] commitment sets forth the basis upon which the Bank will authorize extensions of the loan". Special Condition 9 stated: "Any extension of the Building Loan beyond the 18 month period shall be subject to an additional non-refundable fee of $1/12$ of 1% of the mortgage amount for each (1) month extension". The followup letter by the plaintiff's predecessor was countersigned by the respondents and became part of the loan agreement.

In October 1991 the respondents sought an extension and, in November, they tendered the fee under the terms of Special Condition 9. The plaintiff declined to accept the extension and refused to make certain advances until certain modifications were made to the loan agreement. The loan agreement was modified and included a higher interest rate.

By January 1993, the respondents had defaulted on the loan. In March of that year, the plaintiff commenced the present action and thereafter moved for summary judgment. In opposition, the respondents asserted, among other things, a defense that the 1991 modifications to the terms of the loan were made under economic duress. The Supreme Court held that issues of fact existed regarding the defense of duress and denied the plaintiff's motion. We now reverse.

"The existence of economic duress is demonstrated by proof that one party to a contract has threatened to breach the agreement by withholding performance unless the other party agrees to some further demand" (*805 Third Ave. Co. v M.W. Realty Assocs.*, 58 NY2d 447, 451, citing *Austin Instrument v Loral Corp.*, 29 NY2d 124). Here, there was no threatened breach on the part of the plaintiff when it declined the respondents' request for an extension. The loan agreement clearly stated that extensions would be subject to the plaintiff's approval, at the sole discretion of the plaintiff. The respondents' attempt in the letter of January 22, 1990, to impose a reasonableness requirement on any rejection of a loan extension by the plaintiff was expressly deleted by the plaintiff's predecessor. Reference to Special Condition 9 in the followup letter by the plaintiff's predecessor did not create an ambiguity sufficient to defeat summary judgment, because the "sole discretion" language remained in the agreement, and the reasonableness clause was clearly rejected (*compare, Icon Motors v Empire State Datsun*, 178 AD2d 463). The plaintiff is, therefore, entitled to summary judgment. Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.