■ PRECISION MECHANICAL, INC., Appellant, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent. [774 NYS2d 734]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Jackson, J.), dated November 20, 2002, which, upon granting the defendant's motion for summary judgment dismissing the complaint, dismissed the complaint, and denied its cross motion for partial summary judgment on the cause of action alleging breach of contract.

Ordered that the order and judgment is affirmed, with costs.

After a public bidding, the defendant awarded a contract to the plaintiff, pursuant to which it was to furnish labor and materials in connection with heating, ventilating, and air conditioning work to be performed for the Brooklyn College Library expansion. Approximately three months later, the defendant informed the plaintiff by letter of its intent to terminate the contract for cause. Approximately one month thereafter, the plaintiff signed a separation agreement (hereinafter the agreement) pursuant to which the contract was terminated. The agreement contained a mutual release clause.

The plaintiff commenced this action alleging, among other

things, breach of contract and wrongful termination. The defendant moved for summary judgment dismissing the complaint on the ground that the causes of action were barred by the release. The plaintiff cross moved for partial summary judgment on the cause of action alleging breach of contract.

Contrary to the plaintiff's contention, the agreement was not a contract of adhesion. "Adhesion is found where the party seeking to enforce the contract use[s] high pressure tactics or deceptive language in the contract and where there is inequality of bargaining power between the parties . . . In addition, it must be shown that the contract inflicts substantive unfairness on the weaker party" (*Matter of Ball [SFX Broadcasting]*, 236 AD2d 158,161 [1997]). The agreement was not a standardized contract, and the plaintiff was represented by counsel who reviewed and helped negotiate its terms. Further, the plaintiff failed to show that the agreement was unfair.

Nor was the agreement invalid due to economic duress as "[a] threat to do that which one has the right to do does not constitute duress" (*Faillace v Port Auth. of N.Y. & N.J.*, 130 AD2d 34, 42 [1987] [internal quotation marks and citation omitted]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for partial summary judgment on the cause of action alleging breach of contract. Ritter, J.P., S. Miller, Goldstein and Adams, JJ., concur.