■ DIANE MADEY et al., Appellants, v GREGORY W. CARMAN, JR., Respondent, et al., Defendant. [858 NYS2d 784]—

In an action, inter alia, to rescind a contract on the ground that it was procured by fraud, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), dated December 6, 2006, as granted that branch of the motion of the defendant Gregory W. Carman, Jr., which was for summary judgment dismissing the complaint insofar as asserted against him, and (2) from stated portions of an order of the same court entered July 3, 2007, which, among other things, denied that branch of the plaintiffs' motion which was for leave to renew that branch of the motion of the defendant Gregory W. Carman, Jr., which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly granted those branches of the motion of the defendant Gregory W. Carman, Jr. (hereinafter the defendant), which were for summary judgment dismissing the first and second causes of action, which are predicated upon a 1997 agreement between the parties. In support of those branches of the motion, the defendant made a prima facie showing that the parties executed a new agreement in 2001, which was intended to, and in fact did, supersede the 1997 agreement and discharge his obligations under that agreement (see Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 288 [1973]; American Prescription Plan v American Postal Workers Union AFL-CIO Health Plan, 170 AD2d 471 [1991]). In opposition to the motion, the plaintiffs, who were represented by independent counsel in the negotiation of the 2001 agreement, failed to raise a triable issue of fact as to the intent of the parties (see Callanan Indus. v Micheli Contr. Corp., 124 AD2d 960, 961-962 [1986]). The language of the 2001 agreement indicated that it was intended to constitute a new contract extinguishing the earlier one. The deposition testimony of the plaintiff Diane Madey confirmed that it was also her understanding that the 1997 agreement would no longer remain in effect.

The Supreme Court properly granted that branch of the

defendant's motion which was for summary judgment dismissing the fourth cause of action alleging economic duress insofar as asserted against him. A contract may be voided and a party may recover damages "when it establishes that it was compelled to agree to the contract terms because of a wrongful threat by the other party which precluded the exercise of its free will" (*805 Third Ave. Co. v M.W. Realty Assoc.*, 58 NY2d 447, 451 [1983]). There is no actionable duress, however, where, as here, the alleged menace was to exercise a legal right (*see Precision Mech. v Dormitory Auth. of State of N.Y.*, 5 AD3d 653, 654 [2004]).

The plaintiffs' remaining contentions are without merit. Spolzino, J.P., Carni, Dickerson and Eng, JJ., concur.