Overbay, LLC v Berkman, Henoch, Peterson, Peddy & Fenchel, P.C. (2020 NY Slip Op 03794)





Overbay, LLC v Berkman, Henoch, Peterson, Peddy & Fenchel, P.C.


2020 NY Slip Op 03794


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-13824
 (Index No. 609537/18)

[*1]Overbay, LLC, et al., appellants, 
v
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., et al., respondents.


Pinks, Lipshie, White & Nemeth, Hauppauge, NY (Harold I. Guberman and Steven G. Pinks of counsel), for appellants.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Bruce J. Bergman and Martin Valk of counsel), respondent pro se and for respondent Harbour Trio Management, LLC.



DECISION & ORDER
In an action to recover damages for economic duress, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated November 8, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs, Overbay, LLC (hereinafter Overbay), and its principal, Demetrius A. Tsunis, were the respective mortgagor and guarantor on a commercial mortgage loan that was foreclosed by the mortgagee, the defendant Harbour Trio Management, LLC (hereinafter Harbour), pursuant to a judgment of foreclosure and sale dated March 28, 2018. Pursuant to the terms of the mortgage, Harbour was entitled to an award of attorney's fees it incurred in foreclosing the mortgage. In the judgment of foreclosure and sale, the Supreme Court directed that the amount of attorney's fees would be determined at a hearing to be held on May 15, 2018. However, instead of proceeding to the hearing, the plaintiffs exercised their right of redemption. The plaintiffs demanded from Harbour a pay-off letter so that they could satisfy the judgment with the proceeds of a construction loan, upon which they had to close before the date of the hearing; the loan commitments would otherwise have expired by that point in time. After having received an initial pay-off letter that demanded payment of attorney's fees in the sum of $68,259.20 and raising objections to certain components of the pay-off amount which did not include the sum demanded for attorney's fees, the plaintiffs received an additional pay-off letter that included the sum of $82,561.92 for attorney's fees demanded by Harbour. The plaintiffs ultimately paid the full sum demanded in a final pay-off letter, which included the sum of $82,561.92 for attorney's fees, without raising a contemporaneous objection to the amount paid. In exchange therefor, Harbour delivered a satisfaction of mortgage to the plaintiffs dated April 24, 2018.
On May 17, 2018, the plaintiffs commenced this action against Harbour and the defendant Berkman, Henoch, Peterson, Peddy & Fenchel, P.C. (hereinafter Berkman), the attorneys who represented Harbour in the mortgage foreclosure action. The plaintiffs sought reimbursement [*2]of the subject attorney's fees, alleging that they were forced to pay those fees involuntarily under economic duress in order to close on their refinancing loan. The defendants moved for summary judgment dismissing the complaint, contending that the plaintiffs were not subjected to economic duress and that the attorney's fees were not paid under protest, that recovery is barred by the voluntary payment doctrine and estoppel, and that Berkman cannot be held liable in this action under the law of agency. In an order dated November 8, 2018, the Supreme Court granted the defendants' motion. The plaintiffs appeal, and we affirm.
An agent who acts on behalf of a disclosed principal will not be liable for breach of contract unless there is clear and explicit evidence of the agent's intention to be bound (see Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4; Mencher v Weiss, 306 NY 1, 4; Safety Envtl., Inc. v Barberry Rose Mgt. Co., Inc., 94 AD3d 969; Weinreb v Stinchfield, 19 AD3d 482). Here, the defendants demonstrated, prima facie, that Berkman was merely acting as Harbour's disclosed agent in the underlying mortgage foreclosure action, and thus, cannot be held liable in damages in this action. In opposition, the plaintiffs failed to raise a triable issue of fact.
"The existence of economic duress is demonstrated by proof that one party to a contract has threatened to breach the agreement by withholding performance unless the other party agrees to some further demand" (Trustco Bank N.Y. v M.M.E. Power Enters., 223 AD2d 587, 589 [internal quotation marks omitted]). However, there is no actionable duress where the alleged menace was to exercise a legal right (see Madey v Carman, 51 AD3d 985, 987; Precision Mech. v Dormitory Auth. of State of N.Y., 5 AD3d 653, 654; Fourth Ocean Putnam Corp. v Suburbia Fed. Sav. & Loan Assn., 124 AD2d 550, 552). Here, Harbour demonstrated, prima facie, that its exercise of its legal right to the subject attorney's fees pursuant to the explicit terms of the underlying mortgage loan agreement did not rise to the level of actionable economic duress. In opposition, the plaintiffs failed to raise a triable issue of fact.
Further, "the voluntary payment doctrine . . . bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law" (Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525, 526). There is a presumption that payments are voluntary (see 82 NY Jur 2d, Payment and Tender, § 82). Additionally, in order for a protest of payment to be characterized as appropriate, it must be in writing and made at the time of payment (see Nunner v Newburgh City School Dist., 92 AD2d 888). Here, Harbour demonstrated, prima facie, that the voluntary payment doctrine bars recovery by the plaintiffs of their payment of the full amount of attorney's fees, which was not contemporaneously protested at the time of payment. In opposition, the plaintiffs failed to raise a triable issue of fact.
"An estoppel rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury. It is imposed by law in the interest of fairness to prevent the enforcement of rights which would work fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that such enforcement would not be sought" (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [citations and internal quotation marks omitted]). Here, Harbour demonstrated, prima facie, that it detrimentally relied upon the plaintiffs' satisfaction payment of the judgment of foreclosure and sale that included the full amount of attorney's fees demanded in the final pay-off letter when, in exchange therefor, it issued the mortgage satisfaction letter. In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court