ECI Fin. Corp. v Resurrection Temple of Our Lord, Inc. (2023 NY Slip Op 00649)

ECI Fin. Corp. v Resurrection Temple of Our Lord, Inc.

2023 NY Slip Op 00649

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-02666
 (Index No. 21362/12)

[*1]ECI Financial Corporation, respondent,
v
Resurrection Temple of Our Lord, Inc., etc., appellant, et al., defendants.

Glenroy M. George, Brooklyn, NY, for appellant.
David A. Kaminsky & Associates, P.C., New York, NY (James A. English of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Resurrection Temple of Our Lord, Inc., appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 10, 2020. The order, insofar as appealed from, denied that branch of that defendant's motion which was for reimbursement of the legal fees that defendant paid to the plaintiff in connection with the sale of the subject property to a nonparty purchaser.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Resurrection Temple of Our Lord, Inc. (hereinafter the defendant), was the mortgagor on a mortgage loan that was foreclosed by the mortgagee, the plaintiff, pursuant to a judgment of foreclosure and sale dated November 16, 2015. Insofar as relevant here, in the judgment of foreclosure and sale, the Supreme Court awarded the plaintiff "reasonable legal fees" in the sum of $27,500. In October 2016, in connection with the defendant's exercise of its right of redemption, the plaintiff sent the defendant a payoff letter demanding the total payoff sum of $1,207,025.09, which included a demand for $130,754.51 in legal fees (hereinafter the subject legal fees), among other things. The defendant paid the full payoff sum demanded, including the subject legal fees, without raising an objection at the time of payment.
In May 2019, the defendant moved, inter alia, for reimbursement of the subject legal fees, contending that the legal fees demanded by the plaintiff were far in excess of the legal fees awarded by the Supreme Court in the judgment of foreclosure and sale. The court, among other things, denied that branch of the defendant's motion, and the defendant appeals.
"'[T]he voluntary payment doctrine . . . bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law'" (Overbay, LLC v Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., 185 AD3d 707, 709, quoting Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525, 526; see Daldan, Inc. v Deutsche Bank Natl. Trust Co., 188 AD3d 989, 992). "There is a presumption that payments are voluntary" (Overbay, LLC v Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., 185 AD3d at 709). "Additionally, in order for a protest of payment to be characterized as appropriate, it must be in writing and made at the time of payment" (Overbay, LLC v Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., 185 AD3d at 709, citing Neuner v Newburgh City School Dist., 92 AD2d 888, 888).
Here, the defendant does not claim that the plaintiff engaged in fraud, that there was a mistake of law or fact, or that it levied a protest, in writing or otherwise, at any time prior to making its motion, inter alia, for reimbursement of the subject legal fees. Thus, the voluntary payment doctrine bars the defendant's recovery of payments it voluntarily made in connection with the plaintiff's payoff demand (see Overbay, LLC v Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., 185 AD3d at 709).
"'The existence of economic duress is demonstrated by proof that one party to a contract has threatened to breach the agreement by withholding performance unless the other party agrees to some further demand'" (id., quoting Trustco Bank N.Y. v M.M.E. Power Enters., 223 AD2d 587, 589). "However, there is no actionable duress where the alleged menace was to exercise a legal right" (Overbay, LLC v Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., 185 AD3d at 709; see Madey v Carman, 51 AD3d 985, 987; Precision Mech. v Dormitory Auth. of State of N.Y., 5 AD3d 653, 654).
Here, to the extent the plaintiff allegedly threatened to execute on the judgment of foreclosure and sale and sell the subject property in the event the defendant failed to meet its payoff demand, "the alleged menace was to exercise a legal right," and thus, any such threat did not amount to actionable economic duress (Overbay, LLC v Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., 185 AD3d at 709).
The parties' remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for reimbursement of the subject legal fees.
DILLON, J.P., BARROS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court