Redcom CM, Inc. v Frederick S. Fish Inv. Co. No. 32-Scarsdale, LLC (2023 NY Slip Op 03809)

Redcom CM, Inc. v Frederick S. Fish Inv. Co. No. 32-Scarsdale, LLC

2023 NY Slip Op 03809

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-03743
 (Index No. 54168/19)

[*1]Redcom CM, Inc., respondent, 
v
Frederick S. Fish Investment Co. No. 32-Scarsdale, LLC, et al., appellants, et al., defendants.

Zarin & Steinmetz, White Plains, NY (Lee J. Lefkowitz and Lisa F. Smith of counsel), for appellants.
Sive, Paget & Riesel, P.C., New York, NY (John-Patrick Curran of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mechanic's lien, the defendants Frederick S. Fish Investment Co. No. 32-Scarsdale, LLC, and Stephen Oder Scarsdale, LLC, appeal from an order of the Supreme Court, Westchester County (James W. Hubert, J.), dated March 13, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on so much of the cause of action to recover damages for breach of contract as was based on those defendants' breach of an amendment to a contract.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2016, the plaintiff, Redcom CM, Inc., and the defendants Frederick S. Fish Investment Co. No. 32-Scarsdale, LLC, and Stephen Oder Scarsdale, LLC (hereinafter together the defendants), entered into a contract (hereinafter the contract) pursuant to which the plaintiff agreed to provide construction management services in connection with the construction of a residential housing development owned by the defendants. In or around July 2018, after the plaintiff filed a mechanic's lien against the defendants for unpaid work it had performed pursuant to the contract in the sum of $955,172.25, the parties entered into an amendment to the contract (hereinafter the amendment), in which the plaintiff agreed to accept the sum of $600,000 in satisfaction of the amounts owed by the defendants as of June 30, 2018. The amendment included a payment schedule for the $600,000, and further provided that, in the event the defendants failed to strictly adhere to the payment schedule, the full amount of $955,172.28 plus interest at the rate of 15% per annum from the date of the amendment, less any amounts paid, shall become due and owing. The defendants made an initial payment to the plaintiff in the sum of $166,566.13, but subsequently failed to make any additional payments pursuant to the payment schedule.
Thereafter, the plaintiff commenced this action against, among others, the defendants, and moved, inter alia, for summary judgment on so much of the cause of action to recover damages for breach of contract as was based on the defendants' breach of the amendment. The defendants opposed the motion, arguing that the amendment was entered into under economic duress because the plaintiff's filing of a mechanic's lien interfered with their ability to refinance a construction loan. In an order dated March 13, 2020, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendants appeal.
The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law on so much of its cause of action for breach of contract as was based on the defendant's breach of the amendment by submitting, among other things, copies of the contract and the amendment, and an affidavit from its chief executive officer evidencing the defendants' obligations under the amendment and their failure to make payment in accordance with its terms (see Ascentium Capital, LLC v Automotive Fleet Leasing Co., 175 AD3d 1468, 1469; M & T Bank v DelVecchio, 162 AD3d 654, 655).
In opposition, the defendants failed to establish that they agreed to the amendment under economic duress. "A contract may be voided . . . when [a party] establishes that it was compelled to agree to the contract terms because of a wrongful threat by another party which precluded the exercise of free will" (Madey v Carman, 51 AD3d 985, 987 [internal quotation marks omitted]). "[A] threat to do that which one has a right to do does not constitute duress" (Precision Mech. v Dormitory Auth. of State of N.Y., 5 AD3d 653, 654 [internal quotation marks omitted]; see C & H Engrs. v Klargester, Inc., 262 AD2d 984, 984). "Moreover, financial pressures, . . . do not, without more, constitute duress" (Gubitz v Security Mut. Life Ins. Co. of N.Y., 262 AD2d 451, 452). Here, contrary to the defendants' contention, the plaintiff's filing of a mechanic's lien, which it had a legal right to do, did not amount to economic duress (see Precision Mech. v Dormitory Auth. of State of N.Y., 5 AD3d at 654; Gubitz v Security Mut. Life Ins. Co. of N.Y., 262 AD2d 451; Edison Stone Corp. v 42nd St. Dev. Corp., 145 AD2d 249, 256).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on so much of the cause of action to recover damages for breach of contract as was based on the defendants' breach of the amendment.
The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court