RJK Auto Brokers, LLC v Dream Carz, Inc.

2026 NY Slip Op 02684

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

RJK Auto Brokers, LLC, appellant,

v

Dream Carz, Inc., et al., defendants, Herold Motor Cars, Inc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2021-07369, (Index No. 610231/18)

Cheryl E. Chambers, J.P.

Deborah A. Dowling

James P. McCormack

Susan Quirk, JJ.

Alan C. Glassman, Lloyd Harbor, NY (Adam D. Glassman of counsel), for appellant.

Ahmuty, Demers, & McManus, Albertson, NY (Nicholas P. Calabria of counsel), for respondents Herold Motor Cars, Inc., and John C. Herold.

Rubin Cooper & Associates, Rockville Centre, NY (Peter M. Rubin of counsel), for respondent Lakeview Auto Sales and Service, Inc.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered September 2, 2021. The order, insofar as appealed from, granted the motion of the defendant Lakeview Auto Sales and Service, Inc., for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the motion of the defendants Herold Motor Cars, Inc., and John C. Herold which was for summary judgment dismissing the complaint insofar as asserted against them, and denied the plaintiff's cross-motion for summary judgment on the complaint insofar as asserted against the defendants Lakeview Auto Sales and Service, Inc., Herold Motor Cars, Inc., and John C. Herold.

ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff was in the business of purchasing and selling vehicles. In December 2017, the plaintiff purportedly purchased nine vehicles from the defendant Dream Carz, Inc. (hereinafter Dream Carz), which represented to the plaintiff that Dream Carz was the legal title holder of the vehicles. The plaintiff paid Dream Carz $156,700 for the vehicles and took possession of the vehicles, but Dream Carz failed to transfer title to the vehicles to the plaintiff. The plaintiff entered into contracts to sell eight of the vehicles and delivered the eight vehicles to various third parties. Thereafter, the plaintiff learned that Dream Carz was not the legal title owner of the vehicles. The defendant Lakeview Auto Sales and Service, Inc. (hereinafter Lakeview), had obtained the nine vehicles as trade-ins and had sold the vehicles to the defendant Herold Motor Cars, Inc. (hereinafter Herold Motor). Dream Carz took possession of the vehicles from Herold Motor with the intention of purchasing the vehicles from Herold Motor. However, Dream Carz never paid Herold Motor for the vehicles, and title to the vehicles was never transferred to Dream Carz. The plaintiff subsequently paid Herold Motor $161,000 in order to obtain title to the eight vehicles it had sold to third parties and returned the other vehicle to Herold Motor.

Thereafter, the plaintiff commenced this action against Herold Motor, the defendant John C. Herold (hereinafter together the Herold defendants), and Lakeview, among others, asserting causes of action sounding in breach of contract, fraud, unjust enrichment, and prima facie tort/economic duress, and sought punitive damages in connection with the causes of action alleging fraud and prima facie tort/economic duress. The plaintiff alleged, inter alia, that Lakeview and Herold Motor had entrusted the vehicles to Dream Carz; that Dream Carz was authorized by Lakeview and Herold Motor to sell the nine vehicles to the plaintiff in the ordinary course of business; that the plaintiff purchased the nine vehicles from Dream Carz as Herold Motor's entrustee pursuant to UCC 2-403(2), and as a result, the plaintiff had acquired good title to the vehicles; and that the plaintiff acquired good title to the vehicles as a good faith purchaser pursuant to UCC 2-403(1). Lakeview moved for summary judgment dismissing the complaint insofar as asserted against it, and the Herold defendants moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed the motions and cross-moved for summary judgment on the complaint insofar as asserted against Lakeview and the Herold defendants (hereinafter together the moving defendants). In an order entered September 2, 2021, the Supreme Court, inter alia, granted Lakeview's motion and that branch of the Herold defendants' motion, and denied the plaintiff's cross-motion. The plaintiff appeals.

"A purchaser of goods acquires all title which his [or her] transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value" (UCC 2-403[1]). "Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him [or her] power to transfer all rights of the entruster to a buyer in ordinary course of business" (id. § 2-403[2]; see Kaminsky v Karmin, 187 AD2d 488, 489-490). Here, the evidence submitted by the moving defendants established, prima facie, that the plaintiff did not obtain title to the nine vehicles as a good faith purchaser for value when it purportedly purchased the vehicles from Dream Carz in December 2017 (see UCC 1-201[20], [30]; Vehicle and Traffic Law § 2113[a]; Porter v Wertz, 53 NY2d 696, 698; Kozar v Christie's, Inc., 109 AD3d 967, 968; Kaminsky v Karmin, 187 AD2d at 489-490) and that Dream Carz was not a "merchant to whom the property was entrusted" (Porter v Wertz, 53 NY2d at 698; see Vehicle and Traffic Law § 2113[a]; Kozar v Christie's, Inc., 109 AD3d at 968). As such, the moving defendants established, prima facie, that they were not unjustly enriched at the plaintiff's expense as a result of the plaintiff's payment to Herold Motor such that equity and good conscience required restitution (see Keane v Keane, 193 AD3d 838, 840; Hong Qin Jiang v Li Wan Wu, 179 AD3d 1035, 1040). In opposition, the plaintiff failed to raise a triable issue of fact.

The moving defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging breach of contract insofar as asserted against each of them by submitting evidence demonstrating that there was no contractual relationship between them and the plaintiff. "'Liability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties'" (KTG Hospitality, LLC v Cobra Kitchen Ventilation, Inc., 201 AD3d 710, 711, quoting Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp., 64 AD3d 85, 104; see CDJ Bldrs. Corp. v Hudson Group Constr. Corp., 67 AD3d 720, 722). The moving defendants further established, prima facie, that the contract between them was not intended to benefit the plaintiff (see Sukhram v Forest City Myrtle Assoc., LLC, 231 AD3d 890, 891-892; Michael Anthony Contr. Corp. v Queens N.Y. Realty, LLC, 225 AD3d 848, 852; KTG Hospitality, LLC v Cobra Kitchen Ventilation, Inc., 201 AD3d at 712). In opposition, the plaintiff failed to raise a triable issue of fact.

To recover damages for fraud, "'a plaintiff must prove (1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury'" (Wallkill Med. Dev., LLC v Catskill Orange Orthopaedics, P.C., 178 AD3d 987, 990, quoting Bernardi v Spyratos, 79 AD3d 684, 687).

Here, the moving defendants established, prima facie, that they did not knowingly [*2]make any misrepresentations to the plaintiff with the intent to induce the plaintiff's reliance (see Apollo H.V.A.C. Corp. v Halpern Constr., Inc., 55 AD3d 855, 857). In opposition, the plaintiff failed to raise a triable issue of fact.

"The elements of a cause of action sounding in prima facie tort include '(1) intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, (4) by an act or series of acts which are otherwise legal'" (Hersh v Cohen, 229 AD3d 524, 526, quoting Diorio v Ossining Union Free School Dist., 96 AD3d 710, 712). "[T]he complaining party must have suffered specific and measurable loss, . . . i.e., the loss of something having economic or pecuniary value" (Yang v Northwell Health, Inc., 195 AD3d 662, 666 [internal quotation marks omitted]; see Liberman v Gelstein, 80 NY2d 429, 434-435). "[T]here is no recovery in prima facie tort unless malevolence is the sole motive for defendant's otherwise lawful act, that is, unless defendant acts from disinterested malevolence" (Edwards v Walsh, 169 AD3d 865, 869 [internal quotation marks omitted]; see Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333).

Here, the moving defendants established, prima facie, that the alleged acts the plaintiff accused them of were committed, at least, partly in furtherance of a legitimate motive (see Hersh v Cohen, 229 AD3d at 526-527; Smith v Meridian Tech, Inc., 86 AD3d 557, 559). Moreover, the moving defendants established, prima facie, that their actions did not rise to the level of actionable economic duress (see Redcom CM, Inc. v Frederick S. Fish Inv. Co. No. 32-Scarsdale, LLC, 218 AD3d 615, 616-617; Overbay, LLC v Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., 185 AD3d 707, 709). In opposition, the plaintiff failed to raise a triable issue of fact.

The moving defendants established their prima facie entitlement to judgment as a matter of law dismissing the demands for punitive damages insofar as asserted against each of them by demonstrating that their conduct was not "so 'gross, wanton, or willful, or of such high mortal culpability' as to warrant an award of punitive damages" (Umlas v Britton, 222 AD3d 1031, 1032, quoting M.V.B. Collision, Inc. v Allstate Ins. Co., 187 AD3d 881, 882).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted Lakeview's motion for summary judgment dismissing the complaint insofar as asserted it and that branch of the Herold defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. For the same reasons, the court properly denied the plaintiff's cross-motion for summary judgment on the complaint insofar as asserted against the moving defendants.

CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court