OPINION OF THE COURT
Memorandum.
The judgment appealed from and order of the Appellate Division brought up for review should be affirmed, with costs. We agree with the Appellate Division’s conclusion that subdivision (2) of section 2-403 of the Uniform Commercial Code does not insulate defendants from plaintiff Porter’s lawful claim to the Utrillo painting. Subdivision (2) of section 2-403 of the Uniform Commercial Code provides: “Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.” The “entruster provision” of the Uniform Commercial Code is designed to enhance the reliability of commercial sales by merchants (who deal with the kind of goods sold on á regular basis) while shifting the risk of loss through fraudulent transfer to the owner of the goods, who can select the merchant to whom he entrusts his property. It protects only those who purchase from the merchant to whom the property was entrusted in the ordinary course of the merchant’s business.
While the Utrillo painting was entrusted to Harold Von Maker, an art merchant, the Feigen Gallery purchased the painting not from Von Maker, but from one Peter Wertz, who turns out to have been a delicatessen employee acquainted with Von Maker. It seems that Von Maker frequented the delicatessen where Peter Wertz was employed and that at some point Von Maker began to identify him *699 self as Peter Wertz in certain art transactions. Indeed, Von Maker identified himself as Peter Wertz in his dealings with Porter.
Defendants argued that Feigen reasonably assumed that the Peter Wertz who offered the Utrillo to him was an art merchant because Feigen had been informed by Henry Sloan that an art dealer named Peter Wertz desired to sell a Utrillo painting. Feigen therefore argues that for purposes of subdivision (2) of section 2-403 of the Uniform Commercial Code it is as though he purchased from a merchant in the ordinary course of business. Alternatively, he claims that he actually purchased the Utrillo from Von Maker, the art dealer to whom it had been entrusted, because Peter Wertz sold the painting on Von Maker’s behalf. Neither argument has merit.
Even if Peter Wertz were acting on Von Maker’s behalf, unless he disclosed this fact to Feigen, it could hardly be said that Feigen relied upon Von Maker’s status as an art merchant. It does not appear that the actual Peter Wertz ever represented that he was acting on behalf of Von Maker in selling the painting.
As to the argument that Feigen reasonably assumed that Peter Wertz was an art merchant, it is apparent from the opinion of the Appellate Division that the court rejected the fact finding essential to this argument, namely, that Peter Wertz had been introduced to Feigen by Henry Sloan as an art merchant. The court noted that in his examination before trial Richard Feigen had testified that he could not recall whether Henry Sloan had described Peter Wertz as an art dealer and concluded that this substantially weakened the probative force of Feigen’s trial testimony on this point. Indeed, Peter Wertz testified that Von Maker had not directed him to the Feigen Gallery but had simply delivered the painting to Wertz and asked him to try to find a buyer for the Utrillo. Wertz had been to several art galleries before he approached the Feigen Gallery. Thus, the Appellate Division’s finding has support in the record.
Because Peter Wertz was not an art dealer and the Appellate Division has found that Feigen was not duped by Von Maker into believing that Peter Wertz was such a *700 dealer, subdivision (2) of section 2-403 of the Uniform Commercial Code is inapplicable for three distinct reasons: (1) even if Peter Wertz were an art merchant rather than a delicatessen employee, he is not the same merchant to whom Porter entrusted the Utrillo painting; (2) Wertz was not an art merchant; and (3) the sale was not in the ordinary course of Wertz’ business because he did not deal in goods of that kind (Uniform Commercial Code, § 1-201, subd [9]).
Nor can the defendants-appellants rely on the doctrine of ' equitable estoppel. It has been observed that subdivision (1) of section 2-403 of the Uniform Commercial Code incorporates the doctrines of estoppel, agency and apparent agency because it states that a purchaser acquires not only all title that his transferor had, but also all title that he had power to transfer (White & Summers, Uniform Commercial Code, § 3-11, p 139).
An estoppel might arise if Porter had clothed Peter Wertz, with ownership of or authority to sell the Utrillo painting and the Feigen Gallery had relied upon Wertz’ apparent ownership or right to transfer it. But Porter never even delivered the painting to Peter Wertz, much less create apparent ownership in him; he delivered the painting to Von Maker for his own personal use. It is true, as previously noted, that Von Maker used the name Peter Wertz in his dealings with Porter, but the Appellate Division found that the Feigen Gallery purchased from the actual Peter Wertz and that there was insufficient evidence to establish the claim that Peter Wertz had been described as an art dealer by Henry Sloan. Nothing Porter did influenced the Feigen Gallery’s decision to purchase from Peter Wertz a delicatessen employee. Accordingly, the Feigen Gallery cannot protect its defective title by a defense of estoppel.
The Appellate Division opined that even if Von Maker had duped Feigen into believing that Peter Wertz was an art dealer, subdivision (2) of section 2-403 of the Uniform Commercial Code would still not protect his defective title because as a merchant, Feigen failed to purchase in good faith. Among merchants good faith requires not only honesty in fact but observance of reasonable commercial stan *701 darás (Uniform Commercial Code, § 2-103, subd [1], par [b]). The Appellate Division concluded that it was a departure from reasonable commercial standards for the Feigen Gallery to fail to inquire concerning the title to the Utrillo and to fail to question Peter Wertz’ credentials as an art dealer. On this appeal we have received amicus briefs from the New York State Attorney-General urging that the court hold that good faith among art merchants requires inquiry as to the ownership of an object d’art, and from the Art Dealers Association of America, Inc., arguing that the ordinary custom in the art business is not to inquire as to title and that a duty of inquiry would cripple the art business which is centered in New York. In view of our disposition we do not reach the good faith question.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.