HANN FINANCIAL SERVICE CORPORATION et al., Appellants, v REPUBLIC AUTO CREDIT GROUP, LLC, et al., Respondents. [794 NYS2d 423]—

In an action to recover damages for conversion and tortious interference with contract and for a permanent injunction, inter alia, enjoining the repossession of certain motor vehicles, and replevin with respect to certain motor vehicles, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated February 23, 2004, as granted the motion of the defendants Republic Auto Group, LLC, and Republic Credit Group, LLC, and the separate motion of the defendant Universal Check Cashing, Inc., for

summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiffs' motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

In 1988 the plaintiff Hann Financial Service Corporation (hereinafter Hann) entered into a dealer's agreement with nonparty Malcar Leasing, Inc. (hereinafter Malcar-NJ), in which Hann agreed to provide Malcar-NJ with financing and Malcar-NJ would sell and assign its rights and interest in the leases and vehicles to Hann. Malcar-NJ apparently was authorized in New Jersey as a non-licensed leasing company. However, in February 1994, the State of New Jersey revoked Malcar-NJ's authority to do business.

In August 1995 Malcar-NJ's principal formed Malcar Leasing Corporation (hereinafter Malcar-NY), a New York corporation. In February 2002, the defendant Republic Credit Group, LLC (hereinafter Republic), entered into a floor plan credit and security agreement (hereinafter the Republic security agreement) with Malcar-NY, pursuant to which Republic extended credit to finance Malcar-NY's purchase of motor vehicles for leasing to retail customers. Under the Republic security agreement, Malcar-NY granted Republic a security interest in its personal property, including all motor vehicles.

In March 2002 Malcar-NY and the defendant Universal Check Cashing, Inc. (hereinafter UCCI), entered into a floor plan credit and security agreement (hereinafter the UCCI security agreement), pursuant to which UCCI provided financing for Malcar-NY's vehicles. The UCCI security agreement expired in July 2002, but UCCI contends that it continued to provide Malcar-NY with funds on the condition that UCCI acquired an ownership interest in motor vehicles owned by Malcar-NY that were not otherwise encumbered by liens.

In late 2002 or early 2003, Malcar-NY defaulted on its obligations and Republic asserted a security interest in 21 motor vehicles and UCCI asserted a security interest in 10 motor vehicles. Hann asserts that it owns those 31 vehicles, having purchased them from Malcar-NJ, for approximately $1,325,000 pursuant to the dealer's agreement. Hann and a related company commenced this action, asserting causes of action alleging conversion and tortious interference with contract, for a permanent injunction, inter alia, enjoining the repossession of the subject vehicles and for replevin. The defendants raised as an affirmative defense, inter alia, that Hann was not a buyer in the ordinary course of business.

Under New Jersey law, which governs the dealer's agreement between Hann and Malcar-NJ, Malcar-NJ was not licensed to sell motor vehicles (*see* NJ Stat Ann § 39:10-19). Further, as a leasing company, Malcar-NJ did not hold the subject cars as part of its sales inventory, and at the time Hann purchased the subject motor vehicles, Malcar-NJ was not authorized to do business in New Jersey. Accordingly, we agree with the Supreme Court that Hann was not a buyer in the ordinary course of business, as defined by UCC 1-201 (9) and 9-320 (a), and as such, its ownership of the 31 subject motor vehicles is subject to the defendants' security interests (*see Porter v Wertz*, 68 AD2d 141 [1979], *affd* 53 NY2d 696 [1981]; *Hempstead Bank v Andy's Car Rental Sys.*, 35 AD2d 35 [1970]; *Sindone v Farber*, 105 Misc 2d 634 [1980]; *Sea Harvest v Rig & Crane Equip. Corp.*, 181 NJ Super 41, 436 A2d 553 [1981]; *cf. Tanbro Fabrics Corp. v Deering Milliken, Inc.*, 39 NY2d 632 [1976]).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Krausman, Luciano and Fisher, JJ., concur.