**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELLEN, INC., a New York corporation, | No.    17-15863 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:16-cv-00648-DLR |
| v. | MEMORANDUM[*] |
| BILTMORE LOAN AND JEWELRY - SCOTTSDALE LLC, an Arizona limited liability company, | |
| Defendant-counter-claimant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted May 17, 2018[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: N.R. SMITH and FRIEDLAND, Circuit Judges, and LYNN,[***] Chief District Judge.

Biltmore Loan & Jewelry - Scottsdale, LLC (Biltmore) appeals adverse summary judgment rulings in this dispute over the ownership of a rare, four-carat blue, heart-shaped diamond. We affirm.[1]

1. The entrustment provisions of the Uniform Commercial Code (U.C.C.) do not apply. Under the U.C.C., when the owner of a good entrusts possession "to a merchant who deals in goods of that kind," she gives the merchant "power to transfer all [her] rights . . . to a buyer in ordinary course of business." U.C.C. § 2-403(2). Here, Biltmore did not purchase from a diamond merchant, nor did it purchase the diamond in the ordinary course. Biltmore transacted with Joseph Gutenkunst in purchasing the diamond, and the record is clear that Gutenkunst was not a diamond merchant. The possibility that Gutenkunst was secretly acting as an

[***] The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

[1]The district court noted that "Arizona, where Biltmore is located, has adopted the relevant provisions of the U.C.C. at issue in this case, as has New York where Mellen resides. *See* A.R.S. §§ 47-2403, 47-9102(A)(20), 47-9319; N.Y. UCC §§ 2-403, 9-102(20), 9-319." Accordingly the district court did not resolve any choice of law issues. The district court's analysis relies on cases from a variety of jurisdictions discussing the relevant U.C.C. provisions. The parties do likewise in their briefs on appeal. We follow the lead of the district court and the parties, relying on relevant authority from various jurisdictions that explain the applications of the U.C.C. provisions at issue.

agent for diamond merchant Scott Meyrowitz does not change this fact, where the summary judgment record contained no evidence that Biltmore was aware of any agency relationship. *See, e.g.*, *Porter v. Wertz,* 421 N.E.2d 500, 501 (N.Y. 1981) (memorandum).

Moreover, even if Gutenkunst were a diamond merchant (or if Biltmore relied on an agency relationship between Gutenkunst and Meyrowitz),[2] Biltmore was not a buyer in the ordinary course. Under the U.C.C., a buyer in the ordinary course "does not include a person that acquires goods in a transfer in bulk or as security for or in total or partial satisfaction of a money debt." U.C.C. § 1-201(b)(9). Biltmore originally acquired a security interest in the diamond as collateral for a one million dollar pawn loan to Gutenkunst. Biltmore later purchased the diamond outright, forgiving the one million dollar loan (plus interest) and paying an additional $250,000 dollars for the diamond. Thus, Biltmore initially acquired the diamond "as security" and later purchased the

---

[2] The only evidence Biltmore cites to establish that it had knowledge of an agency relationship between Gutenkunst and Meyrowitz was not presented to the district court in the summary judgment briefing, and the district court declined to revisit its decision in light of Biltmore's motion for reconsideration. The district court did not abuse its discretion in declining to consider this evidence. *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) ("As other courts have noted, '[i]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact.'" (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)).

diamond in "satisfaction of a money debt." *See id.* The district court did not err in concluding that the U.C.C. entrustment provisions did not afford protection to Biltmore's interest in the diamond.

2. The consignment provisions of the U.C.C. are inapplicable for similar reasons. Even assuming Mellen's conveyance of the diamond to Meyrowitz was a valid consignment, the U.C.C. would protect Biltmore only if Biltmore had extended credit to a consignee. *See id.* § 9-319(a). But here Biltmore extended credit to Gutenkunst, who cannot be a consignee because he is not a diamond merchant. *See id.* § 9-102(a)(20)(A)(i).

**AFFIRMED.**