17-2988
*Galin v. Hamada*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

---

REED GALIN,

> *Plaintiff-Appellant*,

RICHARD A. ALTMAN,

> *Appellant*,

v.                                                                          No. 17-2988

KUNITAKE HAMADA,

> *Defendant-Appellee*.

---

For Plaintiff-Appellant:            RICHARD A. ALTMAN, Law Office of Richard A. Altman, New York, NY.

1

For Appellant: DAVID L. FEIGE, Giskan, Solotaroff, New York, NY.

For Defendant-Appellee: JOHN R. CAHILL (Paul Cossu and Ronald W. Adelman, *on the brief*), Cahill Cossu Noh & Robinson LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Reed Galin and his counsel, non-party appellant Richard A. Altman, (collectively, "appellants") appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*), entered September 28, 2017, granting summary judgment in favor of defendant-appellee Kunitake Hamada and imposing sanctions under Fed. R. Civ. P. 11 on appellants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This case addresses the ownership of *Ice Storm*, a painting by the American artist Andrew Wyeth. In June 1989, Galin purchased a one-third interest in the painting from David Ramus—a close friend and art dealer—with the understanding that Galin would receive a share of the profits from the painting's subsequent sale. Later that year, Ramus sold the painting to Coe Kerr Gallery ("Coe Kerr") but failed to notify Galin or remit his share of the proceeds. Ramus was later convicted and sentenced for assorted fraud offenses. Some twenty years later, in May 2015, when Hamada, the most recent owner of *Ice Storm*, attempted to resell the painting through Christie's auction house, Galin asserted that he was the rightful owner. With the

2

agreement of Galin and Hamada, Christie's went forward with the sale but held the proceeds pending resolution of the ownership question. The painting sold for over $800,000.

Galin then sued Hamada in the court below, asserting that he was entitled to an equitable lien and a constructive trust on the sale proceeds. Hamada promptly filed a motion to dismiss, citing a New York law establishing that when possession of a good is entrusted to a merchant who does business in that kind of good, the merchant has the power to transfer all ownership rights to a buyer in the ordinary course of business (the "entrustment" provision). *See* N.Y. U.C.C. § 2-403. The district court agreed that the case turned on whether the entrustment defense applied to Ramus's 1989 sale to Coe Kerr but denied Hamada's motion to dismiss because application of the entrustment defense was not evident on the face of the complaint. The court did, however, limit discovery to the sale by Ramus to Coe Kerr. When Hamada reasserted the entrustment argument following discovery, the district court concluded that Galin had entrusted his ownership interest to Ramus, that there were no red flags in the record that should have led Coe Kerr to question Ramus's authority to sell the painting, and that, therefore, Coe Kerr had acquired valid title to *Ice Storm*. The district court granted summary judgment in favor of Hamada and imposed Rule 11 sanctions on Galin and his counsel for not dismissing the complaint once discovery revealed that the entrustment provision barred Galin's claim to the proceeds. On appeal, the parties raise multiple issues regarding the merits of the case and the applicability of sanctions.

### I.    The Merits

### A.  Summary Judgment

As to the district court's summary judgment ruling, Galin repeatedly asserts that he remains the rightful owner of the painting but largely fails to engage with the entrustment

provision, which states, "Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in [the] ordinary course of business." N.Y. U.C.C. § 2-403(2). The statute defines "entrusting" to "include[] any delivery and any acquiescence in retention of possession . . . regardless of whether the procurement of the entrusting or the possessor's disposition of the goods has been such as to be larcenous under the criminal law." *Id.* § 2-403(3).

Here, the district court correctly observed that "there is no real dispute that the threshold requirements of the entrustment provision—'entrustment' of a good to 'a merchant who deals in goods of that kind'—are met." *Galin v. Hamada*, 283 F. Supp. 3d 189, 195 (S.D.N.Y. 2017). Ramus was an art dealer and Galin left *Ice Storm* in Ramus's possession with the understanding that Ramus would sell it. As Section 2-403(3) explains, this constitutes entrusting "regardless of whether" Ramus's subsequent conduct was "larcenous under . . . criminal law." N.Y. U.C.C. § 2-403(3). Accordingly, under New York law, Ramus had the "power to transfer all rights of [Galin] to a buyer in [the] ordinary course of business." *Id.* § 2-403(2). Although this may be a bitter pill for Galin, the New York legislature has determined that the entrustment provision represents the most prudent allocation of risk. In the words of the New York Court of Appeals, the provision "is designed to enhance the reliability of commercial sales by merchants (who deal with the kind of goods sold on a regular basis) while shifting the risk of loss through fraudulent transfer to the owner of the goods, who can select the merchant to whom he entrusts his property." *Porter v. Wertz*, 421 N.E.2d 500, 500–01 (N.Y. 1981).

As the district court determined at the outset, the only issue for discovery was whether Coe Kerr was "a buyer in [the] ordinary course of business." N.Y. U.C.C. § 2-403(2). This term is defined as "a person that buys goods in good faith, without knowledge that the sale violates the

4

rights of another person in the goods, and in the ordinary course from a person, other than a pawnbroker, in the business of selling goods of that kind." *Id.* § 1-201(b)(9). It is undisputed that Ramus was a merchant in the business of selling art. As to whether the purchase by Coe Kerr was in good faith and in the ordinary course of business, all the evidence indicates that it was. Both Ramus and Coe Kerr were in the business of buying and selling art. Although they did not work together extensively, they had done business together in the past. And, as a reasonable jury could only find on this record, the terms of the sale for *Ice Storm* were consistent with the parties' prior transactions. For the reasons explained in the careful and compelling analysis of the district court, Galin has not identified in the record any red flags associated with the sale that would have triggered a heightened duty of scrutiny on the part of Coe Kerr. *Galin*, 283 F. Supp. 3d at 195–99.[1]

## B. Discovery

Galin also argues that the district court ought to have permitted full discovery because it was impossible to know in advance whether evidence about Hamada's purchase was relevant. We disagree. Galin has failed to identify a single case where a court applying the entrustment doctrine looked at the purchase of a downstream purchaser (*i.e.*, Hamada) rather than that of the initial purchaser (*i.e.*, Coe Kerr). Quite the opposite—the cases that Galin cites all look exclusively to the initial sale. Accordingly, the district court neither erred in its application of the entrustment provision nor abused its discretion. *See Pippins v. KPMG, LLP*, 759 F.3d 235, 251 (2d Cir. 2014) (discussing the standard of review).

---

[1] Because the entrustment defense is dispositive, we need not address Hamada's alternative argument that Galin's claims are barred by laches.

**II.      Sanctions**

The remaining issues focus on three separate motions for sanctions: (1) Galin's motion requesting that the district court impose Fed. R. Civ. P. 30(d)(2) sanctions against defense counsel for conduct at Ramus's deposition, which the district court denied; (2) Hamada's motion requesting that the district court impose Fed. R. Civ. P. 11 sanctions against Galin and his attorney, Altman, for advancing factually and legally unsupported positions in his opposition to summary judgment, which the court granted; and (3) Hamada's motion for this Court to impose sanctions under Fed. R. App. P. 38 and 28 U.S.C. § 1927 against Galin and Altman for raising frivolous arguments, which was referred to this panel.

**A.  Fed. R. Civ. P. 30(d)(2)**

Prior to summary judgment, Galin moved for the district court to sanction defense counsel under Rule 30(d)(2) for their "disruptive" and "abusive" conduct during the Ramus deposition. The district court summarily denied the motion, reasoning that defense counsel had not "impede[d], delay[ed], or frustrate[d] the deposition," Fed. R. Civ. P. 30(d)(2), and therefore their conduct was not sanctionable. Because Galin has likewise failed to make such a showing before this Court, the district court's judgment is affirmed.

**B.  Fed. R. Civ. P. 11**

Hamada also moved for the district court to impose sanctions, arguing that Galin and his counsel violated Rule 11 by failing to withdraw the complaint after discovery revealed that the allegation that Coe Kerr was not a good faith purchaser lacked factual support. The district court granted the motion on this basis and ordered that Galin and Altman were jointly and severally required to pay Hamada's attorney's fees for the summary judgment and Rule 11 motions. We

review the district court's Rule 11 order for abuse of discretion. *See Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010).

Altman has assumed full responsibility for the cost of the sanctions and is therefore the sole appellant challenging the Rule 11 ruling. He argues primarily that Rule 11 does not impose a continuing obligation to correct or withdraw previously filed briefs or pleadings. But this contention is belied by the plain text of the rule, which provides that sanctions can be triggered by "later advocating" that claims in a "pleading, written motion, or other paper" are "warranted by existing law" or that "the factual contentions have evidentiary support." Fed. R. Civ. P. 11 (b)(2)–(3). Under the "later advocating" language, which was added in the Advisory Committee's note to the 1993 amendment to Rule 11, "a litigant's obligations with respect to the contents of . . . papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." Fed. R. Civ. P. 11 Advisory Committee's Note (1993) (quoted in *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996)). The district court correctly concluded that the complaint's assertion that Coe Kerr was not a good faith purchaser was not borne out by discovery and appellants' opposition to summary judgment violated Rule 11 by reaffirming the allegations in the complaint while making additional baseless legal and factual representations. Although it would not be appropriate for a district court to impose sanctions simply because a party unsuccessfully opposed summary judgment, on the facts before us we cannot conclude that the imposition of sanctions was an abuse of discretion.

### C. Fed. R. App. P. 38 & 28 U.S.C. § 1927

Hamada has also moved for this Court to impose sanctions against Galin and Altman under Fed. R. App. P. 38 and 28 U.S.C. § 1927, arguing that appellants have advanced frivolous arguments, improperly raised new arguments in their reply brief, and filed a motion for a stay that was procedurally defective and contradicted by the evidence.

Rule 38 provides, "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. Such sanctions are appropriate when a party advances an argument that is "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence." *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 381 (2d Cir. 1982) (per curiam). Similarly, under Section 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

We agree with Hamada—this is the rare case where appellants' arguments are so devoid of legal and factual support that sanctions are warranted under Rule 38. In particular, Galin and Altman's arguments that the district court erred by limiting discovery and denying sanctions under Fed. R. Civ. P. 30(d)(2) are totally unfounded. *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012) (per curiam) (recognizing that advancing arguments that are "utterly without merit" is a basis for sanctions). In addition, Galin's opening brief failed to support his argument regarding summary judgment with citations to the record and engaged with the evidence only in reply, thereby denying Hamada a

8

meaningful opportunity to respond. This is a direct violation of this Court's rules and provides a further basis for sanctions. *See Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) (per curiam) (concluding that sanctions were appropriate where appellant's reply brief advanced the factual and legal arguments conspicuously absent from the opening brief). Likewise, the appellant's motion seeking a stay of the dispersal of the sale proceeds—which failed to comply with Fed. R. App. P. 8's requirement to first seek a stay from the district court and was contrary to the parties' letter agreement with Christie's authorizing dispersal after a final order had been entered—warrants sanctions. *See Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 40 (2d Cir. 1993) (imposing double costs and $500 attorney's fees where appellant "filed its motion for a stay pending appeal in complete disregard for" Fed. R. App. P. 8). Accordingly, Hamada is awarded double costs, which are jointly and severally payable by the appellants.

We have considered all of appellants' contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk